In Re: Opinion of the Justices of the Supreme
Court of Florida.

163 So. 76.

Opinion Rendered August 30, 1935.

In the Supreme Court of Florida
Tallahassee, Fla., August 7, 1935

Hon. David Sholtz,
Governor of Florida.
The Capitol.
Sir:

On July 26, 1935, the Chief Justice and Justices of the Supreme Court of Florida received from your Excellency a written communication reading as follows:

"State of Florida
Executive Department
Tallahassee

"July 26th, 1935.

"To the Honorable Chief Justice and Justices of the Supreme Court of the State of Florida.

"*Gentlemen*:

"Pursuant to Section 13 of Article IV of the Constitution of Florida, I have the honor to request your opinion upon the following matter:

"Chapter 5122, Laws of 1903, as amended by Chapter 11976, Laws of 1927, creates the state office of Official Court Reporter and in the words following provides when and how an official is to be appointed to fill that office, to-wit:

"'Section 1. There shall be, whenever the presiding Judge or Judges shall deem it necessary in any judicial circuit in this State, an Official Court Reporter of testimony and proceedings in trials at law in the circuits. Such reporter shall be an efficient reporter, experienced in reporting judicial proceedings and shall be appointed by the Governor upon the recommendation of the Circuit Judge or Judges of the circuit, * * * '

"Pursuant to this law the presiding Judges of the Twelfth Judicial Circuit have deemed it necessary and have so cer-

tified to me and have recommended that I appoint two official Court Reporters in the Twelfth Circuit, to insure the attendance of an efficient reporter, experienced in reporting judicial proceedings, who shall at all times be subject to the call and orders of the Judge presiding over terms of court in said circuit, and it appearing by law that the two judges are required to hold terms simultaneously,

"Then, the law being as it is, and the Judges having certified that they deem it necessary and that they recommend the appointment of two reporters in said circuit, is it my duty under Section 27 of Article III of the Constitution to appoint two suitable efficient reporters experienced in reporting judicial proceedings to the office of Official Court Reporter? And am I not required by Section 6 of Article IV of the Constitution to perform this executive duty?

"Respectfully submitted,

"(Signed)   DAVID SHOLTZ,

"DS/NJ                              Governor."

In response to the foregoing official letter and the request therein contained, the undersigned Justices of the Supreme Court, acting under and in obedience to Section 13 of Article IV of the Constitution of Florida, herewith submit to your Excellency their opinion in writing upon the stated questions affecting your Executive powers and duties under the Constitution of Florida, as follows:

The powers and duties of the Governor to make appointments to fill vacancies in office as authorized by Section 7 of Article IV of the Constitution, depend upon the existence of a vacant office required to be filled pursuant to the Constitution, or set up by a valid statute creating the office and leaving to the Governor the duty of filling it by his own appointee in the absence of some other mode of selection of the occupant provided for by the Constitution, or

by the Laws of the State of Florida, for filling vacancies in such office.

An office implies a delegation of a portion of the sovereign power to, and the possession of it by, the person selected to fill the office, while an employment created in the nature of an official appointment by the Governor, does not comprehend any delegation of the State's sovereign authority to the contemplated appointee.

As no part of the sovereign power of the State is delegated to the official court reporters authorized by Sections 4872-4880 C. G. L. (Chapter 11976, Acts 1927; 15720, Acts 1931, Extra Session; 15859, Acts 1933) to be appointed by the Governor upon the recommendation of the Court Judge or Judges of the several Circuit Courts of the State, whenever the presiding judge or judges shall deem it necessary in any Judicial Court in the State, such Official Court Reporters are not state officers, but are officially employed court functionaries, whom the statute authorizes to be commissioned by the Governor to be paid at state expense in accordance with the provisions of the authorizing statutes, and when and as officially recommended by the Judge or Judges of a Circuit Court requiring the services of an official court reporter. See: State, *ex rel.* Holloway, v. Sheats, 78 Fla. 583, 83 Sou. Rep. 508.

At the time Chapter 11976, Acts 1927, was enacted the State of Florida was divided into twenty-eight circuits. The legal effect and meaning of the statute at the time of its enactment, was to confer authority upon the Governor, when acting upon the recommendation of the Circuit Judges, to comply on behalf of the State of Florida, to be paid in part by the State of Florida, out of its General Revenue Fund, as many as twenty-eight official court reporters, one

to be appointed under the existing circumstances to each then existing judicial Circuit of the State of Florida.

Said Chapter 11976, Acts 1927, is still in full force and effect. It was neither abrogated, amended nor modified by the mere ratification of the Constitutional Amendment (Section 45 of Article V, State Constitution) providing for a reapportionment of, and a reduction in the number of judicial Courts in the State to not exceeding fifteen. Nor was the Court Reporters Act amended, modified or repealed by the mere enactment at the 1935 Session of the Legislature, of Senate Bill No. 4 (Chapter 17085, Acts of 1925) providing for a reapportionment and reduction in the number of judicial courts in the State pursuant to the Constitutional amendment above cited.

It follows from what has been said, therefore, that no constitutional duty devolves upon you as Chief Executive to make any official appointments of Official Court Reporters, under any provision of the State Constitution. But the power and authority originally created by Chapter 11976, Acts 1927, remains vested in you as Governor and authorizes you to employ or to continue in employment, and incidentally to apportion to the several judicial courts of the State, in such manner as you may deem necessary in the public interest, not exceeding a total number of twenty-eight official court reporters as originally authorized by Chapter 11976, Acts 1927—the compensation thereof to remain payable as hereinbefore provided for by law as it existed prior to the reapportionment and reduction in the total number of judicial circuits from twenty-eight to not exceeding fifteen.

The foregoing executive prerogative comprehends the right of the Governor to appoint, if necessary, more than one official court reporter for the Twelfth Judicial Circuit,

provided the total number employed in the state at large remains limited to not exceeding the originally authorized twenty-eight official court reporters in all, and provided that at least one Official Court Reporter for each court be taken into consideration and allowance made therefor in the reapportionment of Official Court Reporters to adjust the same to the new system of Fifteen Judicial Circuits.

<div style="text-align:center">

Respectfully sumbitted,

J. B. WHITFIELD,
GLENN TERRELL,
RIVERS BUFORD,
FRED H. DAVIS,

*Justices.*