QUESTION: May a town councilman serve as a member of an appointed advisory county planning commission?
SUMMARY: A member of a planning commission established pursuant to Part II of Ch. 163, F.S., and having only those powers which are contemplated by that part is a member of a "statutory body having only advisory powers," and is thereby included within the exception to the dualofficeholding prohibition of Art. II, s. 5(a), State Const. A county ordinance which assigns to a member of such a planning commission the additional function of exercising some aspect of the sovereign power of the state — an identifying characteristic of an "office" — may be violative of Art. II, s. 5(c), State Const., which provides that the powers and duties of county officers shall be fixed by law. You state that Palm Beach County has established, by county ordinance, a county planning commission (hereinafter referred to as the "commission") pursuant to Part II of Ch. 163, F.S. According to your letter, and within the purview of Part II of Ch. 163, particularly s. 163.185 defining the general powers of such a commission, the commission's primary function is to prepare and adopt a comprehensive plan for future development in Palm Beach County, which plan becomes effective only upon further adoption by a majority of the Palm Beach County Commission, s. 163.190(3). Section 163.185(6) also authorizes the commission to "[p]erform any other duties which lawfully may be assigned to it." Against this legislative background, you inquire as to whether a town councilman may serve as a member of the commission. In this regard, Art. II, s. 5(a), State Const., provides in pertinent part that No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers. (Emphasis supplied.) It is clear that a town councilman, when acting in that capacity, is holding an "office" within the purview of the foregoing constitutional provision. Attorney General Opinion 072-348. Thus, the important question here is whether a member of the commission is also an officer for purposes of Art. II, s. 5(a), thereby precluding service by a town councilman on the commission. As previously noted, the legitimate powers of a planning commission established pursuant to Ch. 163, supra, are informationgathering and advisory only. Such a commission appears to be statutorily vested with no authority to exercise any aspect of the sovereign power of the state, the possession and exercise of such power being an identifying characteristic of an "office." Attorney General Opinion 069-2. The exception of Art. II, s. 5(a), supra, with respect to statutory bodies having only advisory powers, appears to be a constitutional recognition and restatement of this longestablished definition. Cf. AGO's 073-288, 073-47, and 072-179. As expressed in State v. Sheats, 83 So. 508 (Fla. 1919), The term "office" implies a delegation of a portion of sovereign power to, and the possession of it by, the person filling the office. . . . The term office embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. (Emphasis supplied.) The exercise of such power in the instant situation (e.g., zoning, establishing boundaries, hearing appeals, and special exceptions) is reserved by Part II of Ch. 163, supra, for the governing bodies involved and the board of adjustments created by them. See ss. 163.205, 163.210, 163.215, and 163.225. In sum, therefore, I am of the opinion that a member of a planning commission established pursuant to Part II of Ch. 163, supra, and having only those powers which are contemplated by that part, is a member of a "statutory body having only advisory powers," and is thereby included within the exception to the dual-officeholding prohibition of Art. II, s. 5(a), supra. Consistent with the foregoing, it might be noted that Art. II, s. 5(c), supra, provides that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law." (Emphasis supplied.) The Florida Supreme Court has defined "law" as used in the Florida Constitution, to mean "an enactment by the State Legislature (as the enactment into law of the City Charter) — not by a City commission or any other political body." (Emphasis supplied.) Grapeland Heights Civic Ass'n v. City of Miami, 267 So.2d 321, 324 (Fla. 1972). Thus, it is clear that a county ordinance alone cannot create a county officer by assigning powers and duties to a nonofficer; and since it has been concluded herein that Part II of Ch. 163, supra, does not assign the type of powers and duties to a member of a planning commission that would make such member an "officer" according to the long-established definition of that term, then such member is not and cannot be a state or county officer. As a consequence, a county ordinance which assigns to a member of a planning commission the additional function of exercising some aspect of the sovereign power of the state may exceed that county's constitutional authority in this regard. Finally, you indicate that the municipality which the town councilman serves is not involved in the establishment or operation of the commission. Thus, no problem is presented here with respect to the restriction established by s. 163.180(1), F. S., limiting service on such commissions by elected officeholders of "any of the jurisdictions involved."