Mr. Charles Ian Nash Attorney Code Enforcement Board of the City of Palm Bay 527 S.W. Babcock Street Palm Bay, Florida 32905
Dear Mr. Nash:
This is in response to your request for an opinion on substantially the following question:
 DOES SECTION 5(a), ARTICLE II, STATE CONSTITUTION, PROHIBIT A PART-TIME MUNICIPAL POLICE OFFICER FROM ACCEPTING EMPLOYMENT AS LEGAL COUNSEL FOR A LOCAL GOVERNMENT CODE ENFORCEMENT BOARD?
You state in your letter of inquiry that you serve as a certified part-time nonpaid police officer with the City of Palm Bay. You receive no remuneration or other benefits for providing services as a sworn part-time police officer and legal advisor for the Palm Bay Police Department other than being covered by workmen's compensation secured by the city. The police department is not responsible for enforcing the type of municipal code violations that come before the code enforcement board. Your appointment to act as legal advisor to the code enforcement board is on an "as needed" basis and you are not a member of the board.
Section 5(a), Art. II, State Const., in pertinent part, provides: "No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein . . . ." This provision prohibits a person from simultaneously holding more than one "office" under the government of the state and its counties and municipalities. As stated in AGO 84-25, "[t]his constitutional provision does not define the terms `office' or `officer' for its purposes, or draw any distinction between part-time or full-time police officers or make any exceptions therefor, such as the exception made for service by any officer on a statutory body having only advisory powers." That opinion went on to conclude that a sworn municipal police officer who serves part-time holds an "office" and is an "officer" for purposes of the constitutional dual officeholding prohibition, s 5, Art. II, State Const.
Thus, the remaining consideration is whether an appointed legal advisor for the local government code enforcement board provided for in s 162.05(1), F.S., is an officer within the purview of s 5, Art. II, State Const. The Florida Supreme Court has stated that in construing the term "office" that it "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority." State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also, AGO 69-2 and authorities cited therein. The Local Government Code Enforcement Boards Act, ss 162.01-162.13, F.S., was enacted "to promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards to provide an equitable, expeditious, effective, and inexpensive method of enforcing the technical codes in force in counties and municipalities . . . ." Section 162.02, F.S. Subsection (4) of s162.05, F.S., states: "The local governing body attorney shall either be counsel to the enforcement board or shall represent the municipality or county by presenting cases before the enforcement board, but in no case shall the local governing body attorney serve in both capacities." Subsection (3) of s 162.04, F.S., defines "[l]ocal governing body attorney" to mean "the legal counselor for the county or municipality." Subsection (1) of s162.05, F.S., provides, in relevant part: "The local governing body may appoint a seven-member code enforcement board and legal counsel for the enforcement board." Thus, when the local governing body attorney represents the county or municipality by presenting cases before the local government code enforcement board, the statute prohibits that attorney from serving as legal counsel to the code enforcement board, and this prohibition is not founded on the constitutional dual officeholding provision in s 5(a), Art. II, State Const.
Alternatively, when the local governing body attorney serves as legal counsel to the board, a member of the administrative staff of the local governing body shall present the cases before the enforcement board. See, subsection (2) of s 162.07, F.S.
My examination of the provisions of Ch. 162, F.S., leads me to the conclusion that the appointed position of legal counsel for the local government code enforcement board provided for in s162.05(1), F.S., is an employment and not an office and is not within the purview of s 5(a), Art. II, State Const. The statute does not delegate any portion of the sovereign power to such appointed legal counsel nor would it appear that the Legislature in any way intended to make such position an office.
Therefore, it is my opinion that s 5(a), Art. II, State Const., does not prohibit a part-time municipal police officer from being employed as legal counsel for a local government code enforcement board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General