To: Bill Porter Mayor City of South Miami
QUESTIONS:
1. May the mayor serve as a member of the board of trustees of the municipal employees' retirement trust fund?
2. To what extent does state law permit the board of trustees of a municipal employees' retirement trust fund to act autonomously of the municipality's local governing body?
SUMMARY:
1. Unless and until judicially determined otherwise, the mayor may serve as a member of the board of trustees of the municipal employees' retirement trust fund where the mayor is designated by ordinance or charter as a member of such boards, in the absence of any conflict or incompatibility between such designated duties and preexisting duties, and where such designation by ordinance does not violate the common-law rule of public policy disqualifying officers who have appointing power from appointment to offices or positions to which they may appoint.
2. Unless and until legislatively or judicially determined otherwise, no general state law operates to require or prohibit such degree of autonomy for action by the board of trustees of a general municipal employees' retirement trust fund as may be accorded to such board by municipal ordinance or charter in the exercise of home rule powers and subject to constitutional constraints.
You have also asked whether the mayor may serve as a member of the board of trustees of the municipal police officers' retirement trust fund. That precise question is presently the subject of pending litigation. See City of Orlando v. State of Florida, Department of Insurance, Case No. 86-3269 (2nd Cir. Leon County, filed September 26, 1986). Attorney General Opinions are not rendered on questions pending before the courts in order to avoid intrusion upon the constitutional prerogative of the judicial branch. See Statement of Policy Concerning Attorney General Opinions, Annual Report of the Attorney General (1985), p. viii. Accordingly, no comment is expressed herein as to whether the mayor may serve as a member of the municipal police officers' retirement trust fund board of trustees.
AS TO QUESTION 1:
Your inquiry notes that the Mayor of South Miami served until recently on the pension board for municipal employees generally as established by ordinance, which specifically provided that the board be composed of five members consisting of the mayor, and two active employees of the city and two citizen electors of the city, the latter four to be appointed by the city commission. You further note that the ordinance was recently amended to remove the mayor as a member of the board "to conform with what we thought was State Law." Finally, you have advised this office that the City of South Miami has separate boards of trustees for general municipal employees and for municipal police officers. Cf. ch. 185, F.S., as amended by ch. 86-42, Laws of Florida.
Section 5(a), Art. II, State Const., provides in pertinent part:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers. (Emphasis supplied.)
Generally, the term "office" contemplates a delegation of a portion of the sovereign power of the state, as contrasted with the term "employment," which does not comprehend a delegation of any part of the state's sovereign authority. State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also AGO 69-2 and authorities cited therein. Accordingly, it is clear that a mayor of a municipality holds an "office" under the municipality. See s. 2, Art. II, Charter of the City of South Miami, providing for the office of mayor. And see AGO 76-92. Additionally, it would appear that a board of trustees established by ordinance and empowered thereby to administer a municipal employees' retirement trust fund exercises a portion of the state's sovereign authority, as constitutionally and statutorily delegated to municipalities. See generally s. 2(b), Art. VIII, State Const.; s. 166.021, F.S. Cf. AGO's 74-109 and 74-217 (fire and police pension fund boards of trustees under chs. 175 and 185, F.S. 1973, were boards and agencies of municipalities). Thus, a member of the board of trustees of a municipal employees' retirement trust fund as established by ordinance would appear to be a municipal officer. See also AGO 80-97 (member of semiautonomous board vested with and exercising portion of governmental or sovereign power of city was municipal officer); AGO 78-3 (officers and employees of city's board of trustees for fire and police pension funds are officers and employees of city).
The underlying purpose of the constitutional dual officeholding prohibition is the concern that a conflict of interest will arise whenever the respective duties of office are inconsistent. Bath Club, Inc. v. Dade County, 394 So.2d 110, 112 (Fla. 1981). The prohibition does not apply where additional or ex officio duties are imposed on or assigned to a particular office or officers by action of the Legislature or the governing body of a municipality or by city charter and there is no conflict or incompatibility between the new and the preexisting duties. The dual officeholding prohibition of s. 5(a), Art. II, State Const., does not operate to preclude such assignment; rather, the new duties are viewed as an addition to the existing duties of the affected officer. See Bath Club, Inc. v. Dade County, supra; State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955); State ex rel. Gibbs v. Gordon,189 So. 437 (Fla. 1939); Amos v. Mathews, 126 So. 308 (Fla. 1930); AGO's 85-21, 82-92, 81-72 and 80-12. And see AGO 80-97 (legislative designation of local officers by legislative body of the city to perform ex officio functions of another or second municipal office does not violate dual officeholding prohibition of s. 5(a), Art. II, State Const.); AGO 70-46 (statute imposing an ex officio post upon holder of another office must be distinguished from one authorizing the appointment of one office holder to another distinct and separate office).
Thus, to the extent that the mayor of a municipality may be designated by ordinance or charter to perform ex officio the duties of the office of a member of the board of trustees of the municipal employees' retirement trust fund, it would appear that such designation is not prohibited by s. 5(a), Art. II, State Const., such that the mayor may serve as a member of the board of trustees of the municipal employees retirement trust fund provided such additional duties are in no way inconsistent or incompatible or in conflict with his duties as mayor. See AGO's 70-46 and 80-17 (a conflict of interest or clash of duties exists when one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent or when the incumbent of one of the offices has the power of appointment to the other office or has the power to remove or punish the incumbent of the other). See also Gryzik v. State, 380 So.2d 1102, 1104 (1 D.C.A.Fla., 1980), petition for review denied, 388 So.2d 1113 (Fla. 1980), setting forth the doctrine of incompatibility as follows:
 Incompatibility exists "where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another." . . . If the duties of the two offices are such that when "placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible."
However, it should be noted that, where the mayor is a voting member of the municipal governing body that votes upon and adopts an ordinance designating the mayor as an ex officio member of the board of trustees of the municipal employees' retirement trust fund, such mayor would appear to be disqualified from serving on the board of trustees pursuant to common law. See AGO's 80-17, 75-60, 73-359, 72-348 and 70-46, reaffirming the continued vitality of the common-law rule of public policy to the effect that all officers who have appointing power are disqualified for appointment to offices or positions to which they may appoint. This office applied the common-law rule in AGO 80-17 in concluding that a member of a board of county commissioners was disqualified from serving as the board's appointee to a special district governing board. Accordingly, I am of the view that the mayor may serve as a member of the board of trustees of the municipal employees' retirement trust fund if the mayor is designated as an ex officio member of such board by charter, but a mayor who is a voting member of the municipal governing body that adopts an ordinance designating the mayor as a member of such board is disqualified from serving as a member of such board.
AS TO QUESTION 2:
Although it appears that your second question relates specifically to the retirement trust fund established for municipal employees generally by municipal ordinance, rather than to funds for firefighters and police officers, it should be noted that state law specifically addresses the autonomy of the boards of trustees of firefighters' and police officers' retirement trust funds. See ss. 175.071(4) and 185.06(8), F.S., as amended respectively by s. 4, ch. 86-41, Laws of Florida, and s. 5, ch. 86-42, Laws of Florida, providing that boards of trustees of municipal firefighters' and police officers' retirement trust funds are vested with the power of "sole and exclusive administration" of such trust funds, provided that such boards are not empowered to amend the provisions of a retirement plan without the approval of the municipality. See also ss. 175.311 and 185.31, F.S., as amended respectively by s. 18, ch. 86-41, supra, and s. 20, ch. 86-42, supra, providing that such boards of trustees shall be independent of the municipalities for which they serve as boards of trustees to the extent required to accomplish the intent, requirements, and responsibilities provided for in chs. 175 and 185, F.S., as amended. But cf. AGO's 74-109 (boards of trustees of municipal firemen's and policemen's pension trust funds, created by chs. 175 and 185, F.S. 1973, respectively, are municipal boards and agencies of municipalities and are not autonomous entities and, as such, are subject to annual postaudit of municipal financial accounts as required by law) and 74-217 (pension board created by special act as municipal board must use services of city attorney). And cf. City of Orlando v. State of Florida, Department of Insurance, supra, in which the foregoing provisions *2184 of chs. 175 and 185, as amended, are alleged to constitute invalid legislative delegations of municipal taxing authority.
There is no general law counterpart to chs. 175 and 185, F.S., with respect to a retirement trust fund for municipal employees generally. Section 166.021(1), F.S., implementing s. 2(b), Art. VIII, State Const., provides that "municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law." Municipal pension plans have traditionally been established by special act or by municipal ordinance and, under the provisions of ch. 121, F.S., these local pension plans continue in full force and effect as to all present and future municipal officers and employees unless the city, after a referendum, elects to participate in the Florida Retirement System. Attorney General Opinion 70-150. In that opinion, this office further concluded that specific legislative authority for optional municipal participation in the Florida Retirement System appeared to permit the adoption of local pension plans by municipal ordinance in the exercise of home rule powers pursuant to s. 167.005, F.S. 1969, by municipalities not electing to participate. Accordingly, I am of the view that in the exercise of existing home rule powers a municipality may accord to the board of trustees of a general municipal employees' retirement trust fund such degree of autonomy as may be determined by ordinance or charter, subject to constitutional constraints, if any (see City of Orlando v. State of Florida, Department of Insurance, supra); and that no general state law operates to require or prohibit such autonomous action by such boards as may be provided for by municipal ordinance or charter.
However, I would note that, with respect to the foregoing response to your first question, the degree of autonomy or lack thereof accorded by ordinance or charter to the board of trustees of a general municipal employees' retirement trust fund may impact significantly on the factual question as to the existence of any conflict or incompatibility between the preexisting duties of the mayor and additional duties imposed by ordinance or charter in designating the mayor to serve as a member of such board. See AGO's 70-46 and 80-17, discussed supra, under question 1, relating to conflict of interest. See also Gryzik v. State, supra (doctrine of incompatibility).
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General