Honorable Jon Lane Sheriff Osceola County
QUESTION:
Are insurance fraud investigators with the Department of Insurance "officers" for purposes of the dual officeholding prohibition in s. 5(a), Art. II, State Const.?
SUMMARY:
While insurance fraud investigators are not law enforcement officers, they are officers in that they exercise the sovereign power of arrest and, if certified, bear arms in carrying out their duties, precluding their employment as auxiliary, reserve unit law enforcement officers under the dual officeholding prohibition in s. 5(a), Art. II, State Const.
Section 626.989(7), F.S. (1990 Supp.), authorizes investigators with the Division of Insurance Fraud in the Department of Insurance to make arrests for criminal violations established as a result of their investigations only. The statute also makes the general laws relating to arrests by law enforcement officers of this state also applicable to such investigators. Such investigators have the power to execute arrest warrants and search warrants for the same criminal violations. Furthermore, fraud investigators who are certified in compliance with s. 943.1395, F.S.,[1] are authorized to bear arms in the performance of their duties. However, they are specifically made ineligible for membership in the Special Risk Class of the Florida Retirement System for law enforcement officers.
This office in AGO 84-77 determined that insurance fraud investigators were not law enforcement officers, since the provisions in s. 626.989, F.S., authorizing them to make arrests did not declare such investigators to be "peace officers" or "law enforcement officers." This conclusion was supported by the inability of the investigators at that time to bear firearms and the fact that they were not required to be certified or to undergo training as law enforcement officers.
Section 626.989(7), F.S., was amended by Ch. 89-42, Laws of Florida, to allow investigators empowered to make arrests to also bear arms in the performance of their duties, if the investigator is certified under s. 943.1395, F.S. Such investigators, however were at the same time specifically made ineligible for member ship in the Special Risk Class of the Florida Retirement System.
While insurance fraud investigators have been given the authority to bear arms in the performance of their duties, they have not been designated "law enforcement officers,"[2] nor have they been allowed to participate in the special risk class designated for law enforcement officers.[3] Furthermore, this office has been advised that the Department of Administration does not classify insurance fraud investigators as law enforcement officers, nor do the requirements for employment as an insurance fraud investigator include certification as a law enforcement officer.
It does not appear that the incidental certification of insurance fraud investigators who bear arms during the course of carrying out their duties would automatically classify the positions as law enforcement officers. Nor would the authority to bear arms alter the qualifications required for such a position by the Department of Administration.
Section 5(a), Art. II, State Const., in pertinent part, provides that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein . . . ." The terms "office" and "officer" have not been defined in the Constitution. Generally, however, the term "office" contemplates a delegation of a portion of the sovereign power of the state.[4] This is contrasted with an "employment" which does not include any delegation of the state's sovereign power.
While insurance fraud investigators are not law enforcement officers for state employment classification purposes, they have been delegated the sovereign power of arrest and have been given the authority to bear arms in carrying out their official duties. Thus, it would appear that the position held by an insurance fraud investigator is an "office" for purposes of the dual officeholding prohibition in s. 5(a), Art. II, State Const.
This office in numerous opinions has stated that law enforcement officers are "officers" within the scope of the constitutional dual officeholding prohibition.[5] Part-time auxiliary or certified reserve police officers have been found to be officers for dual officeholding purposes.[6] Thus, auxiliary, reserve officers in your department would be considered officers for purposes of the constitutional dual officeholding prohibition. Their employment as insurance fraud investigators, therefore, would be prohibited under the dual officeholding prohibition in s. 5(a), Art. II, State Const.
The conclusions reached in this opinion do not operate to affect Department of Insurance policy which may preclude outside employment by its insurance fraud investigators, regardless of the absence of concerns regarding the dual officeholding prohibition in s. 5(a), Art. II, State Const.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 943.1395, F.S., contains provisions for the certification for employment or appointment of law enforcement officers.
[2] Cf., s. 27.255, F.S., stating:
 (1) Each investigator employed on a full-time basis by a state attorney and each special investigator appointed by the state attorney . . . is hereby declared to be a law enforcement officer of the state and a conservator of the peace, under the direction and control of the state attorney who employs him, with full powers of arrest, in accordance with the laws of this state. . . . (2) All investigators employed by a state attorney . . . shall meet the minimum standards established by the Criminal Justice Standards and Training Commission of the Department of Law Enforcement for the employment and training of law enforcement officers under chapter 943 . . . .
[3] See, s. 121.0515(2)(a), F.S. which states that eligibility for the special risk class requires a member to be employed as a law enforcement officer and be certified, or required to be certified, in compliance with s. 943.1395, F.S.
[4] See, State ex rel. Holloway v. Sheats,83 So. 508, 509 (Fla. 1919).
[5] See, e.g., AGO's 57-165, 58-26, 69-2, 71-167, 72-348, 76-92, 77-89 and 86-11.
[6] Attorney General Opinion 77-63. And see, AGO 86-105, concluding that auxiliary police officers who did not have the authority to make arrests but who were certified, carried firearms and assisted regular police officers in carrying out their duties were "officers."