Richard S. Hodes, M.D. 423 South Hyde Park Avenue Tampa, Florida 33606
Dear Dr. Hodes:
You have asked for my opinion on substantially the following question: Is a member of the Southeast Interstate CompactCommission for the Management of Low Level Radioactive Waste an officer for purposes of the dual officeholding prohibition contained in s. 5(a), Art. II, State Const.?
In sum:
A member of the Southeast Interstate Compact Commission for the Management of Low Level Radioactive Waste is an officer within the scope of the dual officeholding prohibition contained in s. 5(a), Art. II, State Const., and cannot simultaneously hold any other office in state, county, or municipal government.
According to your letter, you have been asked by the Hillsborough County Commission to serve on the District 6, Health and Human Services Board. You have not accepted this appointment but have been advised that this is a state office. You currently serve as chairperson of the Southeast Interstate Compact Commission for the Management of Low Level Radioactive Waste. You have contacted this office to determine whether your position on the commission is an office so that you may decide whether the acceptance of a position on the Health and Human Services Board would violate the constitutional dual officeholding prohibition.
Section 5(a), Art. II, State Const., provides that:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers. This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties, and municipalities.[1] The prohibition applies to both elected and appointed offices.[2] Further, it is not necessary that the two offices be within the same governmental unit. Thus, for example a state officer is precluded from holding not only another state office, but also a county or municipal office. The term "office" or "officer" is not defined for purposes of the dual officeholding prohibition. The Supreme Court of Florida has, however, stated that:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office . . . .[3]
Therefore, it is the nature of the powers and duties of a particular position which determines whether it is an "office" or "employment." Section 404.30, F.S., enacts into law the Southeast Interstate Low-Level Radioactive Waste Management Compact and designates Florida as a party to the compact. The purpose of the Legislature in adopting the compact is expressed in Article I, s. (1), of the compact as follows:
There is hereby created the Southeast Interstate Low-Level Radioactive Waste Management Compact. The party states recognize and declare that each state is responsible for providing for the availability of capacity either within or outside the state for the disposal of low-level radioactive waste generated within its borders, except for waste generated as a result of defense activities of the Federal Government or federal research and development activities. They also recognize that the management of low-level radioactive waste is handled most efficiently on a regional basis. The party states further recognize that the Congress of the United States, by enacting the Low-Level Radioactive Waste Policy Act, 94 Stat. 3347, has provided for and encouraged the development of low-level radioactive waste compacts as a tool for disposal of such waste. The party states recognize that the safe and efficient management of low-level radioactive waste generated within the region requires that sufficient capacity to dispose of such waste be properly provided.
The compact creates the Southeast Interstate Low-Level Radioactive Waste Management Commission (the "commission").[4] The commission consists of two voting members from each party state and, in Florida, these commissioners are appointed by the Governor and confirmed by the Senate for two year terms.[5] Each commission member is a voting member and no action of the commission is binding unless a majority of the total membership votes in the affirmative, or unless a greater than majority vote is specifically required by any other compact provision.[6] The primary duties and responsibilities of the commission relate to the identification of sites for regional hazardous waste disposal facilities. Toward this end the commission possesses the authority to do the following:
(d) To develop and use procedures for determining, consistent with considerations for public health and safety, the type and number of regional facilities which are presently necessary and which are projected to be necessary to manage waste generated within the region.
(e) To provide the party states with reference guidelines for establishing the criteria and procedures for evaluating alternative locations for emergency or permanent regional facilities.
(f) To develop and adopt . . . procedures and criteria for identifying a party state as a host state for a regional facility as determined pursuant to the requirements of this article. In accordance with these procedures and criteria, the commission shall identify a host state for the development of a second regional disposal facility within 3 years after the commission is constituted as provided for in [the compact] and shall seek to ensure that such facility is licensed and ready to operate as soon as required but in no event later than 1991.
1. In developing criteria, the commission must consider the following:
a. The health, safety, and welfare of the citizens of the party states; and
e. The environmental, economic, and ecological impacts on the air, land, and water resources of the party states.
2. The commission shall conduct such hearings; require such reports, studies, evidence, and testimony; and do what is required by its approved procedures in order to identify a party state as a host state for a needed regional facility.
(g) To designate, in accordance with the procedures and criteria developed [herein] . . . a host state for the establishment of a needed regional facility. The commission shall not exercise this authority unless the party states have failed voluntarily to pursue the development of such facility. . . . .
(i) [T]o enter into agreements with any person, state, or similar regional body or group of states for the importation of waste into the region and for the right of access to facilities outside the region for waste generated within the region. . . . .
(6) The commission may establish any advisory committees it deems necessary for the purpose of advising the commission on any matters pertaining to the management of low-level radioactive waste.
(7) The commission may appoint or contract for and compensate a limited staff necessary to carry out its duties and functions.[7]
Thus, the members of the commission are charged with identifying a site for a regional hazardous waste facility based on their consideration of the health, safety, and welfare of the citizens of a participating state and the impact such a facility would have on the environment, economy, and ecology of such state. The commission is authorized to conduct hearings, require evidence and testimony, enter into contracts and hire a staff. Based on the nature and scope of the powers and duties of the Southeast Interstate Compact Commission for the Management of Low Level Radioactive Waste, it is my opinion that the position of commissioner is a state office which exercises a portion of the sovereign power of the state.
Therefore, it is my opinion that a Commissioner of the Southeast Interstate Compact is a state officer within the scope of the dual officeholding prohibition set forth in s. 5(a), Art. II, State Const., and may not simultaneously hold another office in state, county or municipal government.
Sincerely,
Robert A. Butterworth Attorney General
RAB/trh
[1] Earlier state constitutions contained similar provisions against dual officeholding. See, e.g., s. 18, Art. VI, State Const. 1838 and s. 14, Art. VI, State Const. 1861. Section 5(a), Art. II, State Const., substantially reproduces s. 15, Art. XVI of the 1885 State Constitution, except that the current provision was expanded to include municipal officers since decisions under the 1885 Constitution had excluded such officers from its coverage.
[2] See, e.g., AGO's 69-2 and 80-97.
[3] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[4] Art. IV, s. (1), id.
[5] See, s. 404.31, F.S., which describes Florida's procedure for the selection and length of terms of commission members and alternates.
[6] Article IV, s. (2), id.
[7] Article IV, ss. (5), (6), and (7), id.