Mr. David L. Adams Fire Chief Orange Park Fire Department 331 Stowe Avenue Orange Park, Florida 32073
Dear Mr. Adams:
As the fire chief of the Orange Park Fire Department, you ask the following question:
Does s. 5(a), Art. II, State Const., prohibit a city firefighter from simultaneously serving as a firefighter for another governmental entity?
In sum:
Section 5(a), Art. II, State Const., does not prohibit a firefighter from simultaneously serving as a firefighter for another governmental entity.
According to your letter, the Orange Park Fire Department has two firefighters who also work as firefighters for other governmental units, one for the county and one for another municipality. A question has been raised as to whether the firefighters are officers for purposes of the dual officeholding prohibition contained in s. 5(a), Art. II, State Const. That section provides in part "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities . ." Thus, this constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties, and municipalities. This prohibition applies to both elected and appointed offices,[1] and it is not necessary that the two offices be within the same governmental unit.
The Constitution, however, does not define the term "office" for purposes of the dual officeholding prohibition. The Supreme Court has generally stated that the term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office while an "employment" does not comprehend a delegation of any part of the sovereign power.[2]
This office in AGO 69-2 distinguished between offices and employments, stating that s. 5(a), Art. II, State Const., does not include those persons who are mere employees and who are not invested with official powers and duties in their own right, although they may exercise such powers and duties as the agent of an officer.
It is, therefore, the nature of the powers and duties of a particular position which determines whether one is an officer or an employee. Section 633.121, F.S., authorizes the chiefs of county, municipal and special district fire departments as well as other fire department personnel designated by their respective chiefs, to enforce the laws relating to fire prevention and control and rules prescribed by the State Fire Marshal. Such personnel, however, acting under the authority of s. 633.121, F.S., are deemed to be agents of their respective jurisdictions, and not agents of the State Fire Marshal.[3]
This office has previously stated that the fire chief of a municipal fire department was an officer for purposes of s. 5(a), Art. II, State Const. Your inquiry, however, concerns not the fire chief but the firefighters within the department who, according to your letter are responsible for general fire-fighting, fire prevention, rescue and emergency medical services work. You give the following as an example of the work performed by the firefighters in question:
Drives fire and rescue apparatus to and from alarms. Operates pumps, operates various types of fire and rescue tools and equipment. Performs general fire ground and rescue duties and tasks to include location confinement and extinguishment of fires, salvage and overhaul, provides assistance to accident and illness victims in the form of basic and advanced life support. Responds to hazardous materials incidents. Performs company fire inspections, conducts and prepares pre-fire plans. Participates in training and education activities at the station and in the form of seminars, advanced firefighting courses and college classes. Performs all other assigned duties.
The above description of duties would appear to be more in the nature of an employment rather than an office. The job description or classification does not operate to effectively and legally vest in the firefighters any powers or duties of a sovereign nature or operate to constitute such position as an office.[4] Accordingly, I am of the opinion that based upon the above description of duties of the firefighters in question, such personnel are not officers for purposes of s. 5(a), Art. II, State Const.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, AGO 80-97.
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919); State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] Cf., s. 633.14, F.S., granting agents of the State Fire Marshal the authority to serve summonses, make arrests, carry firearms and make searches and seizures, as the sheriff or his deputies, in the respective counties where such investigations, hearings or inspections may be held. Chiefs of fire departments were formerly declared by s. 633.121 to be ex officio agents of the State Fire Marshal; such provision, however, was deleted in 1980 when the section was rewritten to provide that the chiefs, as well as their designated personnel, were agents of their respective jurisdiction.
[4] Compare, AGO's 86-11 and 77-89, concluding that law enforcement officers are "officers" for purposes of s. 5(a), Art. II, State Const., by virtue of the powers they exercise, particularly the authority to arrest without a warrant and to carry firearms in carrying out their duties, rather than the certification requirements.