Mr. Andrew DeGraffenreidt, III City Attorney, City of Riviera Beach Post Office Drawer 10682 Riviera Beach, Florida 33419
Dear Mr. DeGraffenreidt:
You have asked on behalf of the City of Riviera Beach substantially the following question:
May an employee representative elected by fellow employees to serve as a member of the city's civil service board also be appointed as a trustee of the city's general pension fund, without violating the dual officeholding prohibition in the State Constitution?
In sum:
A member of the board of trustees of the civil service board would appear to be an officer vested with official powers of the city and, therefore, could not simultaneously hold office as a trustee of the city's general pension fund without violating the dual officeholding provision in s. 5(a), Art. II, State Const.
You state that the civil service board has the following powers and duties: adopting and implementing rules and regulations form grievance hearings of city employees; adopting rules and regulations for conducting examinations for the promotion of city employees under the city's civil service act; certifying those persons eligible for appointment or promotion within the city's civil service; and conducting investigations, administering oaths, compelling production of documents and evidence, and issuing subpoenas for witnesses in proceedings before it.
Regarding the board of trustees of the city's general pension fund, you state the board administers and operates the general retirement system. In doing so, the board is authorized to establish uniform regulations for the administration of the fund, to determine eligibility for participation in the fund, to determine retirement allowances, to conduct annual actuarial evaluations of the system, and to process applications for participation in the fund. Of the seven members on the board, four are appointed by the mayor, subject to approval by the city council, and three are elected by the city's employees.
Section 5(a), Art. II, State Const., in pertinent part, states:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers.
This constitutional prohibition precludes a person from simultaneously holding more than one "office" under the government of the state, counties and municipalities. While the State Constitution does not define the term "office" or "officer" for purposes of the dual officeholding prohibition, the Supreme Court of Florida has stated:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office . . . .[1]
Thus, it is the nature of the powers and duties of a particular position which determines whether it is an "office" or an "employment." Where a board or authority has been created to exercise a portion of the sovereign power of a municipality or county, the officers of the board or authority are officers of the municipality or county for purposes of s. 5(a), Art. II, State Const.[2]
For example, in AGO 89-25, this office concluded that a planning and zoning commission which had final decision-making authority in the area of variances would not fall within the exception in the dual officeholding prohibition for statutory bodies having only advisory powers. Thus, even though a statutory body has duties which are substantially or predominately advisory, the ability to exercise a portion of the sovereign power by rendering final decisions would prevent such a body from falling within the exception for statutory bodies with solely advisory powers.[3]
In AGO 90-33, this office determined that a county planning commission which had the authority to make final decisions, appealable to the county commission, would not fall within the exception for statutory bodies with only advisory powers. Membership on the commission, therefore, would constitute an "office" for purposes of s. 5(a), Art. II, State Const.
Accordingly, in light of the final decision-making powers, in addition to the quasi-judicial and investigatory powers, vested in the positions in the instant situation, both the members of the civil service board and the board of trustees of the general pension fund would appear to be "officers" for purposes of the dual officeholding prohibition in s. 5(a), Art. II, State Const.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[2] Cf., AGO 80-97, member of architectural review board and city inspection superintendent are officers for purposes of s. 5(a), Art. II, State Const.; AGO 81-61, member of code enforcement board is an officer; AGO 84-25, member of municipal board of adjustment is an officer; and AGO 86-105, member of municipal building board of appeals is an officer.
[3] See, AGO 73-47 (if a parks, planning and zoning commission has been granted more than mere advisory powers, members of the commission would be excluded from the exemption in s. 5(a), Art. II, State Const.).