Steven Lulich Attorney for Code Enforcement Board of City of Sebastian
QUESTION: May the attorney for a municipal code enforcement board also serve as a volunteer alternate member of an advisory study committee appointed by the city council?
SUMMARY: The attorney for the municipal code enforcement board may serve as a volunteer alternate member of a municipal advisory study committee without violating the dual office holding prohibition contained in s. 5(a), Art. II, State Const., or the common law rule of incompatibility. Questions relating to the Code of Ethics for Public Officers and Employees, however, should be directed to the Florida Commission on Ethics.
You state that you are the attorney for the Code Enforcement Board of the City of Sebastian, established pursuant to Part I, Ch. 162, F.S. The city attorney serves as the prosecutor for the board while it is your responsibility to advise the board.[1]
You have also been appointed by the city council as a volunteer alternate member of the Riverfront Study Committee, an advisory committee for the city. A question has arisen as to whether your appointment to the advisory committee may violate any provision of law. You have not, however, specified any particular provision of law with which you are concerned, therefore, I will address your question generally.
Section 5(a), Art. II, State Const., prohibits a person from simultaneously holding more than one "office" under the government of the state, counties and municipalities.[2] While the Constitution does not define the term "office" or "officer" for purposes of the dual officeholding prohibition, the courts have generally considered the term to imply a delegation of a portion of the sovereign power of the state.[3]
This office previously concluded in AGO 84-93 that the legal counsel for a local government code enforcement board is not an officer for purposes of the constitutional dual officeholding prohibition contained in s. 5(a), Art. II, State Const. As noted therein, s. 162.05(1), F.S., authorizing the appointment of legal counsel, does not delegate any portion of the sovereign power to such counsel nor does it appear that the Legislature intended to make such a position an office.[4]
Similarly, your position as the legal advisor to the code enforcement board for the City of Sebastian would appear to be an employment rather than an office. Thus, s. 5(a), Art. II, State Const., would not be violated by your simultaneously serving as the code enforcement board attorney and as a member of the advisory committee.
Even though the dual officeholding prohibition may not be applicable, there are common law rules still in effect in this state which may preclude the appointment of an individual to an office. The purpose of the common law rule of incompatibility is to assure not only the actuality of undivided loyalty but also the appearance of undivided loyalty. As one court stated:
 Incompatibility exists "where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another." . . . If the duties of the two offices are such that when "placed in one person they might deserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible."[5]
This office has stated that a conflict exists where one position is subordinate and subject in some degree to the supervisory power of the other, where one has the power to appoint or remove or set the salary of the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other.[6]
This office has not been presented with any information which indicates that such a clash between the duties of the two positions exists or that one position is subordinate or subject to the supervisory power of the other. In the absence of such information, it would appear that the common law rule of incompatibility would not be violated by your serving as both code enforcement board attorney and as a member of the advisory committee.
Part III, Ch. 112, F.S., however, establishes the Code of Ethics for Public Officers and Employees. Questions arising under the code should be addressed to the Florida Commission on Ethics rather than to this office.[7]
RAB/tjw
[1] See, s. 162.05(5), F.S., which provides that "[t]he local governing body attorney shall either be counsel to an enforcement board or shall represent the municipality . . . by presenting cases before the enforcement board, but in no case shall the local governing body attorney serve in both capacities."
[2] Section 5(a), Art. II, State Const., provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers.
[3] See, State ex rel. Holloway v. Sheats,83 So. 508, 509 (Fla. 1919), stating:
The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office . . . .
And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[4] See, s. 162.05(1), F.S., which states that the local governing body may appoint one or more code enforcement boards and legal counsel for the enforcement boards.
[5] Gryzik v. State, 380 So.2d 1102, 1104 (1 D.C.A. Fla., 1980), petition for review denied, 388 So.2d 1113 (Fla. 1980).
[6] See, e.g., AGO 70-46.
[7] See, s. 112.322(3), F.S., authorizing the Commission on Ethics to render opinions regarding the applicability and interpretation of the code.