James W. Denhardt City Attorney City of Treasure Island
QUESTION: 1. May the city commission appoint a city manager to also serves as city clerk without violating s. 5(a), Art. II, State Const.? 2. If Question One is answered in the negative may the city manager perform the duties of the city clerk exofficio where the city charter imposes such additional duties of the city manager in the absence of an appointment of a city clerk by the city commission?
SUMMARY: 1. The city commission may not appoint the city manager to simultaneously serve as city clerk. 2. The city manager may perform the duties of the city clerk ex officio when the city charter imposes such additional duties on the city manager until such time as the city commission appoints a city clerk.
AS TO QUESTION 1:
Pursuant to the Treasure Island City Charter, the city manager and the city clerk are charter officials who are appointed by, and serve at the pleasure of, the city commission for such compensation as may be set by the city commission.[1]
The city manager is responsible for the supervision and direction of all departments, agencies or offices of the city except as otherwise provided in the charter or by general law.[2]
The charter, however, places the city clerk as the head of the department of records.[3] The charter further provides that until such time as the city commission appoints a city clerk, the city manager shall exercise all of the duties, functions and powers of the city clerk.[4]
The present city manager, according to your letter, exercises the powers of the city clerk. You state that the city manager is compensated for serving as city manager but does not receive a separate salary as city clerk.
Section 5(a), Art. II, State Const., prohibits a person from simultaneously holding more than one state, county, or municipal office. The constitution does not define the term "office"; however, the courts have stated that the term "embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract.[5]
The charter for the city of Treasure Island refers to both the city manager and city clerk as city charter officials and specifies the duties and responsibilities of each position. The Treasure Island City Charter thus creates the office of city clerk as a separate and distinct office to be filled by an appointee named by the city commission.
Both the city manager and city clerk, therefore, would appear to be officers within the meaning of the dual officeholding prohibition contained in s. 5(a), Art. II, State Const. Accordingly, the city commission would be precluded from appointing a city manager to simultaneously serve as city clerk under the provisions of s. 5(a), Art. II, State Const.
AS TO QUESTION 2:
It has long been settled in this state that the legislative designation of one officer to perform ex officio functions of another office does not violate the dual officeholding prohibition, provided that the duties imposed are consistent with those being exercised.[6] Where additional or exofficio duties are assigned to a particular office by the legislative body and there is no inconsistency between the new and preexisting duties, the dual officeholding prohibition does not preclude such an assignment. The new duties are viewed as an addition to the existing duties of the officer.
This office, for example, has stated that a city council, as the legislative body of a municipality, may by ordinance impose the additional or ex officio duties of the office of the city manager on the city clerk.[7] A statute, ordinance or charter provision imposing an ex officio post or position upon the holder of another office, however, must be distinguished from one authorizing the appointment of one office holder to another distinct and separate office.[8] Therefore, The Supreme Court of Florida has stated that while additional duties may be imposed on a state officer ex officio, a legislative attempt to authorize the Governor to appoint a state official to another separate and distinct office would be ineffectual under the constitutional dual officeholding prohibition.[9]
The charter for the City of Treasure Island expressly states that until such time as the commission appoints a city clerk, the city manager shall exercise all the duties, functions and powers of the city clerk. Thus, the charter imposes the additional or exofficio duties of the city clerk on the office of the city manager in the absence of an appointment of a city clerk by the city commission.[10]
The two positions do not appear to be necessarily incompatible. Incompatibility exists where "in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another."[11] The city manager supervises all departments of the city except as otherwise provided by the charter or by general law. The charter contains such an exception by stating that the clerk is the head of the department of records. Each office is appointed by and serves at the pleasure of the city commission.
When the city charter imposes the additional or ex officio
duties of city clerk on the city manager where the city commission has not appointed a city clerk, the exercise of such exofficio powers by the city manager pursuant to the charter does not violate the constitutional prohibition against dual officeholding.[12]
RAB/tjw
[1] Section 3.08 of the Treasure Island City Charter.And see, 4.02 of the charter stating that a city manager shall be appointed for an indefinite term by four-fifths affirmative vote of all of the commission members.
[2] Section 4.05 of the charter.
[3] Section 4.07 of the charter. The section requires the clerk to coordinate these duties with the city manager.
[4] Section 4.07(k) of the charter.
[5] See, State ex rel. Holloway v. Sheats,83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[6] See, State v. Florida State Turnpike Authority,80 So.2d 337 (Fla. 1955); State ex rel. Gibbs v. Gordon,189 So. 437 (Fla. 1939); Bath Club, Inc. v. Dade County, 394 So.2d 110
(Fla. 1981).
[7] Attorney General Opinion 81-72.
[8] See, AGO 70-46.
[9] See, Advisory Opinion to Governor, 1 So.2d 636
(Fla. 1941); and see, s. 15, Art. XVI, State Const. 1885, which is substantially similar to the dual officeholding prohibition contained in s. 5, Art. II, State Const., except that the 1885 constitutional provision did not include municipal officers.
[10] You ask whether the city charter requires the city commission to appoint a clerk. This office is authorized to render opinions on questions of state law; opinions are not issued on questions requiring an interpretation only of local codes or charters. See, s. 16.01(3), F.S., and this office's Statement Concerning Attorney General Opinions, 1989 Annual Report of the Attorney General, pp. ix-xi.
[11] Gryzik v. State, 380 So.2d 1102, 1104 (1 D.C.A. Fla., 1980), petition for review denied, 388 So.2d 1113 (Fla. 1980).
[12] A question has apparently been raised as to a possible conflict where the city manager negotiates a contract on behalf of the city commission and the city clerk is required to attest to all contracts of the city. The clerk's responsibility to attest to all contracts merely requires that he witness the contracts. See, Black's Law Dictionary Attest p. 163 (4th rev. ed 1968) (to bear witness to; to act as a witness to). Where the city manager signs the contract on behalf of the city, it may be advisable for the deputy city clerk to attest the contract. I cannot, however, conclude that the exercise of this function creates an incompatibility between the two offices such that the city manager may not serve as ex officio city clerk as provided by the charter.