Mr. John M. Milledge Chairman of Broward County Planning Council Post Office Box 2427 Fort Lauderdale, Florida 33303
Dear Mr. Milledge:
You ask substantially the following question:
Does Article II, section 5(a), Florida Constitution, prohibit your employment as legal counsel to a county board when you also serve as chairman of the county's planning council?
In sum:
As the position of attorney to the Charter Review Commission appears to constitute an employment rather than an office, ArticleII, section 5(a), Florida Constitution, does not prohibit the employment of the chairman of the county planning council as the attorney for the Charter Review Commission.
According to your letter, you currently serve as the chairman of the county's planning council. You state that you are not compensated for your services on the planning council and have no additional authority as chairman beyond those of the other council members, other than presiding over council meetings. You further state that the members of the Broward County Charter Review Commission have selected you to serve as their attorney. A question has arisen as to whether your service as attorney for the Charter Review Commission and as chairman of the county planning council would violate the dual officeholding prohibition of Article II, section 5(a), Florida Constitution.[1]
Article II, section 5(a), Florida Constitution, provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers.
The above provisions prohibit a person from simultaneously serving in more than one state, county or municipal office. The prohibition applies to both elected and appointed offices.[2] The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract.[3]
According to your letter, the Broward County Charter establishes the Broward County Planning Council, whose members are appointed by the county commission. You state that you receive no compensation for serving on the council. The council acts in an advisory role to the county commission with respect to the preparation and amendment of the county's land use plan.[4] You state, however, that the council takes final action concerning consistency reviews of municipal land use plans and in adopting and amending the county's trafficway plan, which generally establishes the right-of-way corridors for county and state roads. The powers of the planning council, therefore, appear to be more than merely advisory and, thus, the council would not appear to fall within the exception contained in Article II, section 5(a), Florida Constitution, for advisory bodies.[5]
The Charter Review Commission is also established pursuant to the county charter.[6] Members of the commission are appointed by the county commission for a limited term of office that may not exceed seventeen months. The commission is authorized to conduct a comprehensive study of any or all phases of county government and may require that amendments to the charter be placed on the ballot for voter approval. While the charter authorizes the commission to employ legal counsel,[7] such legal counsel is not a member of the commission.
In Attorney General Opinion 84-93, this office concluded that the legal counsel for a local government code enforcement board is not an officer for purposes of the dual officeholding prohibition contained in Article II, section 5(a) of the Florida Constitution.[8]
While the Broward County Charter authorizes the Charter Review Commission to employ legal counsel, it does not delegate any portion of the sovereign power to such counsel, nor is there any indication in the materials received by this office that the charter intended such position to be an office.
The position of attorney or legal counsel to the Charter Review Commission, therefore, would appear to constitute an employment rather than an office. Accordingly, Article II, section 5(a), Florida Constitution, would not prohibit you from being employed as the attorney for the Charter Review Commission while you serve on the county planning council.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] You also ask whether a possible conflict of interest is raised by your service in both positions. Questions regarding conflict of interest under the Code of Ethics for Public Officers and Employees, Part III, Chapter 112, Florida Statutes, should be addressed to the Florida Commission on Ethics rather than to this office. See, s. 112.322(3), Fla. Stat. (1993), which authorizes the commission to render opinions to public officers and employees in doubt about the applicability of the code to the public official or employee in a particular context. And see, this office's Statement Concerning Attorney General Opinions, 1992 Annual Report of the Attorney General, p. x (when an opinion request is received on a question falling within the statutory jurisdiction of another state agency, the request will be transferred to the other state agency or the requesting party will be advised to contact that agency).
[2] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[3] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[4] See, Art. VI, s. 6.05 of the county charter enumerating the powers and functions of the council.
[5] See, Ops. Att'y Gen. Fla. 90-33 (1990) and 89-25 (1989).
[6] See, Art. VIII, s. 8.02 of the county charter.
[7] See, Art. VIII, s. 8.03(D) of the county charter.
[8] And see, Ops. Att'y Gen. Fla. 91-13 (1991) (attorney for code enforcement board not an officer for purposes of dual office-holding prohibition) and 73-332 (attorney for county commission not an officer).