The Honorable Randall C. Morris Chairman Seminole County Commissioner 1101 East First Street Sanford, Florida 32771-1468
Dear Chairman Morris:
You ask substantially the following question:
May a county commissioner serve on the governing body of a school chartered under section 228.056, Florida Statutes, without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution?
In sum:
Section 228.056, Florida Statutes, does not invest members of the governing body of a charter school with powers or authority that would make them public officers under Article II, section 5(a), Florida Constitution. A county commissioner, therefore, would not violate the dual officeholding prohibition by serving as a member of the governing body of a charter school.
Article II, section 5(a), of the Florida Constitution provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state and the counties and municipalities. The prohibition applies to both elected and appointed offices.[1]
While the Constitution does not define the terms "office" or "officer" for purposes of the dual officeholding prohibition, the Supreme Court of Florida has stated:
"The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. . . ."[2] (emphasis supplied)
In determining whether a particular position is an employment or office, careful consideration must be given to the powers and responsibilities imposed upon such a position. Thus, the particular language used in the statute, charter, or ordinance creating the position and establishing its powers must be reviewed.
Section 228.056, Florida Statutes, authorizes the creation of charter schools as part of the state's program of public education.[3] A district school board may sponsor a charter school in a county within its jurisdiction.[4] The district school board also receives and reviews all applications for a charter school and by majority vote either approves or denies the application.[5]
The terms and conditions for the operation of a charter school must be set forth by the sponsor and the applicant in a written contractual agreement, with no efforts by the sponsor to limit the charter school's flexibility to meet educational goals.[6] The sponsor monitors and reviews the school's progress toward meeting its educational goals as reflected in the charter and monitors the revenues and expenditures of the charter school.[7]
The Legislature has directed that a charter school must organize as a nonprofit organization, but allows it to be either a private or a public employer. If the school is a public employer, section 228.056(7), Florida Statutes, provides:
"As a public employer, a charter school may participate in the Florida Retirement System upon application and approval as a "covered group" under s. 121.021(34). If a charter school participates in the Florida Retirement System, the charter school employees shall be compulsory members of the Florida Retirement System. . . ."
Following a public hearing to elicit community input, the charter governing the school must be signed by the governing body of the school and the sponsor.[8] Among several matters that must be addressed in the school's charter are a method to resolve conflicts between the governing body and the sponsor, and the governance structure of the school, including the status of the charter school as a public or private employer.[9] The governing body of a charter school is required to make annual progress reports to its sponsor, and these reports must be forwarded to the Commissioner of Education at the same time as other annual school accountability reports.[10]
Whether a charter school operates as a public or private entity, it is subject to the Public Records Law in Chapter 119, Florida Statutes, and the Open Meetings Law in section 286.011, Florida Statutes.[11] Moreover, for purposes of tort liability the employees and the governing body of the charter school are governed by section 768.28, Florida Statutes.[12] As for general powers of charter schools, however, they may not levy taxes or issue bonds secured by tax revenues.[13] In the event the charter is not renewed or is terminated, the governing body of the school is responsible for all debts of the charter school.[14]
The Department of Education has issued a Technical Assistance Note advising that charter school monies received from state, local and federal tax sources are public funds for which the charter school and the sponsoring district are responsible. Stewardship of the funds is maintained through audit reports and oversight of revenues and expenditures by the sponsoring district.[15]
In keeping with the goal of allowing maximum flexibility for charter schools, the Legislature has imposed few limitations on the role of their governing bodies. However, there is also no delegated legislative grant of authority to the governing body that would indicate its members are exercising a portion of the sovereign power of the state. While section 228.056, Florida Statutes, provides minimal duties to be performed by the governing body, the authority and powers of the governing board are developed under the contractual agreement between the school district and the charter school.[16]
Accordingly, until sovereign powers are legislatively conferred on the governing body of a charter school, it is my opinion that the members of a governing body of a charter school are not public officers for purposes of the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] Section 228.056(1), Fla. Stat.
[4] Section 228.056(4), Fla. Stat. See also, s. 228.056(4)(e), Fla. Stat., authorizing a state university to grant a charter to a developmental research school created under s. 228.053, in consultation with the district school board of the county in which the developmental research school is located.
[5] Section 228.056(4)(a), Fla. Stat.
[6] Section 228.056(4)(f), Fla. Stat.
[7] Section 228.056(4)(g) and (h), Fla. Stat.
[8] Section 228.056(9), Fla. Stat.
[9] Section 228.056(9)(a)6. and 14., Fla. Stat.
[10] Section 228.056(9)(d), Fla. Stat.
[11] Section 228.056(11), Fla. Stat.
[12] Section 228.056(14), Fla. Stat.
[13] Section 228.056(19), Fla. Stat.
[14] Section 228.056(10)(f), Fla. Stat.
[15] Technical Assistance Note No. 97-17, June 9, 1997, Department of Education, Bureau of School Business Services, Mr. David Morris, Administrator.
[16] Cf., State ex rel. Clyatt v. Hocker, supra, in which the Supreme Court of Florida stated:
"A person in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature, and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and the duties remaining though the incumbent dies or is changed, is a public officer; every "office," in the constitutional meaning of the term, implying an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws."