Mr. Harkley R. Thornton Osceola County Planning Commission Post Office Box 700665 St. Cloud, Florida 34770
Dear Mr. Thornton:
According to your letter, you have been appointed to a four-year term on the Osceola County Planning Commission. The Governor, however, has also appointed you to the governing board of the South Florida Water Management District. You, therefore, ask substantially the following question:
May a member of a county planning commission also serve on the South Florida Water Management District without violating the prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution?
In sum:
A member of a county planning commission may serve on the South Florida Water Management District without violating the prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution.
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties, and municipalities.
The prohibition applies to both elected and appointed offices.[1]
The Constitution does not define the terms "office" or "officer" for purposes of the dual officeholding prohibition; however, the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority."[2] It is, therefore, the nature of the powers and duties of a particular position which determines whether the position constitutes an office or an employment.
Article II, section 5(a), Florida Constitution, however, contains several exceptions to its prohibition against dual officeholding. One such exception is for statutory bodies having only advisory powers. It is this exception that has been the subject of interpretation both by the courts and by the Attorney General's Office.
For example, in Advisory Opinion to Governor,[3] the Supreme Court of Florida held that a member of the State Planning Board was a state "officer" within the dual officeholding prohibition even though the members of the board were authorized to act only in an advisory capacity. The Court noted that the members of the board were appointed by the Governor, served a fixed term of office, performed duties imposed upon them by statute and were authorized to "expend public funds appropriated for that purpose in the discharge of [their] duties, exercising [their] own discretion in that regard."[4] Thus, the Court concluded that powers and attributes of sovereignty had been "delegated to or reposed in the State Planning Board."
This office, however, has concluded that members of a state park advisory council, who served without compensation at the pleasure of the Division of Recreation and Parks in purely an advisory capacity and who had no authority to expend public funds or to exercise in any manner the "sovereign power" of the state, fell within the exception for advisory bodies contained in Article II, section 5(a), Florida Constitution.[5]
Similarly, in Attorney General Opinion 74-232, this office concluded that a planning commission established pursuant to Part II, Chapter 163, Florida Statutes, and possessing only those powers contemplated by that part was a "statutory body having only advisory powers" for purposes of Article II, section 5(a), Florida Constitution. This office considered the duties of such a planning commission information-gathering and advisory only.[6]
However, where a planning council had not only the authority to act in an advisory role to the county commission regarding preparation and amendment of the county's land use plan but also to take final action concerning consistency reviews of land use plans and in adopting and amending the trafficway plan, such a council was more than merely an advisory body. Such a planning council, therefore, did not fall within the exception for advisory bodies in Article II, section 5(a), Florida Constitution,supra.[7]
According to the information provided to this office, the planning commission is authorized and directed to, among other things, prepare the comprehensive plan and to recommend the plan to the county commission for adoption.[8] Moreover, the agency is authorized to monitor the effectiveness and status of the plan and recommend to the county commission such changes in the plan as may be required from time to time. Nothing in the information provided to this office indicates that the planning commission possesses any authority to take final action regarding the plan or in granting any variances. Instead, the information provided to this office indicates that the powers of the local planning commission are information-gathering and advisory only.[9]
Accordingly, I am of the opinion that a county planning commission which is responsible for preparing a comprehensive plan for approval by the county commission falls within the exception afforded by Article II, section 5(a), Florida Constitution, for advisory bodies. Thus, a member of the planning commission may serve on the South Florida Water Management District without violating the prohibition against dual officeholding contained in Article II, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919) (term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract; an employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature). See also, State ex rel. Clyatt v. Hocker,22 So. 721 (Fla. 1897).
[3] 1 So.2d 636 (Fla. 1941).
[4] Id. at 638.
[5] Attorney General Opinion 71-43 (1971).
[6] Cf., Ops. Att'y Gen. Fla. 86-105 (1986) (local planning agency whose function is information gathering and advising local government entity falls within exception to dual officeholding prohibition); 74-232 (1974) (town council member may serve on advisory county planning commission); 72-179 (1972) (legislator may serve as member of ad hoc charter revision commission appointed by municipal governing body to serve in a purely advisory capacity to study and recommend changes in municipal charter).
[7] See, Op. Att'y Gen. Fla. 94-88 (1994); and see, Op. Att'y Gen. Fla. 89-25 (1989) (county planning and zoning commission, possessing authority to grant variances without review by county commission, constitutes an office for purposes of dual office-holding); 90-33 (1990) (membership on a planning commission which hears appeals and makes decisions which are final unless appealed to the county commission is not a statutory body possessing only advisory powers).
[8] See, Art. I, s. 17-1(b), of the Osceola County Code; ss. 5, 6, and 7, Ch. 67-1849, Laws of Florida.
[9] See, Op. Att'y Gen. Fla. 86-105 (1986) (local planning council with authority to prepare comprehensive plan subject to approval of town council is advisory body subject to exception in Art. II, s. 5(a), Fla. Const.); 73-288 (1973) (member of municipal zoning board having only advisory powers may continue to serve as such after his election to county office).