Ms. Josefina M. Tamayo General Counsel Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Ms. Tamayo:
You ask substantially the following question:
May public officers serve on Community Alliances pursuant to section 20.19(6), Florida Statutes, without violating the constitutional prohibition against dual officeholding?
In sum:
Public officers of the entities enumerated in section 20.19(6), Florida Statutes, may serve on Community Alliances in an exofficio capacity without violating the dual officeholding prohibition in section 5(a), Article II, Florida Constitution.
Article II, section 5(a), Florida Constitution, provides:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
The above provisions prohibit a person from simultaneously serving in more than one state, county or municipal office. The prohibition applies to both elected and appointed offices.[1]
The term "office" is not defined by the Constitution, although the Supreme Court of Florida has stated:
"The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract."[2]
Therefore, it is the nature of the powers and duties of a particular position that determines whether it is an "office" or "employment."
The courts and this office, however, have recognized that the legislative designation of an officer to perform ex officio the functions of another or additional office does not violate the dual officeholding prohibition, provided that the duties imposed are consistent with those being exercised. As the Supreme Court of Florida stated in Bath Club, Inc. v. Dade County,[3]
"Article II, section 5(a) was manifestly fashioned to ensure that multiple state, county, and municipal offices will not be held by the same person. Underlying this objective is the concern that a conflict of interest will arise by dual officeholding whenever the respective duties of office are inconsistent. Where additional duties are assigned to constitutional officers and there is no inconsistency between these new and pre-existing duties, however, the dual officeholding prohibition does not preclude such an assignment. In such cases, newly assigned duties are viewed merely as an addition to existing responsibilities."
Reorganization of the Department of Children and Families during the 2000 legislative session included the elimination of health and human services boards.[4] Section 20.19(6), Florida Statutes, as amended by Chapter 2000-139, Laws of Florida, requires the Department of Children and Families, in consultation with local communities, to establish community alliances of the "stake-holders, community leaders, client representatives and funders of human services in each county to provide a focal point for community participation and governance of community-basedservices." (e.s.) The duties of the community alliance include:
"1. Joint planning for resource utilization in the community, including resources appropriated to the department and any funds that local funding sources choose to provide.
2. Needs assessment and establishment of community priorities for service delivery.
3. Determining community outcome goals to supplement state-required outcomes.
4. Serving as a catalyst for community resource development.
5. Providing for community education and advocacy on issues related to delivery of services.
6. Promoting prevention and early intervention services."[5]
The initial membership of the alliance includes the district administrator and a representative from each of the following: county government; the school district; the county United Way; the county sheriff's office; the circuit court corresponding to the county; and the county children's board, if one exists.[6] After the initial meeting of the alliance, it must adopt bylaws and may increase its membership to include individuals and organizations representing funding organizations, who are community leaders, who have knowledge of community-based service issues, or who otherwise have perspectives enabling them to accomplish the duties assigned to the alliance.[7] Members serve without compensation,[8] are subject to the Florida Code of Ethics,[9] must act consistently with department policy and state and federal laws, rules, and regulations,[10] and must submit annual disclosure statements of interests in services within the purview of the alliance.[11]
As noted above, district health and human services boards were eliminated and it would appear that the newly-created community alliances fulfill some of the boards' duties and responsibilities.[12] This office has previously found that health and human services boards were primarily administrative entities providing policy and budget oversight and coordination of the various activities and services of the districts.[13] In another opinion, a potential appointee to such a board was advised that a position on the board was a public office.[14] While the statutory scheme does not directly speak to the alliances supplanting the boards, it appears that the community alliances stand in a substantially similar position to the predecessor health and human services boards. Charged with the governance of community-based services and empowered to plan how resources appropriated to the department and from local funding are to be used, it would appear that community alliances have been granted a portion of the state's sovereign power. Members of the alliances, therefore, by possessing such power would be considered public officers subject to the dual officeholding prohibition in section 5(a), Article II
of the Florida Constitution.
As noted above, under the holding in Bath Club, Inc., it has been recognized that the Legislature may assign additional powers and duties, not inconsistent with pre-existing duties, to a public official such that there is an ex officio extension of the office. While the enabling legislation considered in Bath Club, Inc.,[15]
specifically provided that three county commissioners and two school board members would comprise the board, use of the term "a representative of county government" and likewise for the school district, county sheriff's office and circuit court is broader and could include employees of the individual entities. The Legislature's intent to have specific governmental entities represented, however, does not preclude the presiding official or officer of such entity from serving as that representative in anex officio capacity.
Accordingly, it is my opinion that a state, county or municipal officer who presides over the governmental entities prescribed in section 20.19(6), Florida Statutes, may serve on a community alliance in an ex officio capacity without violating the dual officeholding prohibition in section 5(a), Article II, of the Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, e.g., Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). See also, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] 394 So.2d 110, 112 (Fla. 1981).
[4] See, s. 2, Ch. 2000-139, Laws of Fla., substantially rewording s. 20.19, Fla. Stat.
[5] Section 20.19(6)(b), Fla. Stat.
[6] Section 20.19(6)(d), Fla. Stat.
[7] Section 20.19(6)(e), Fla. Stat.
[8] Section 20.19(6)(f), Fla. Stat.
[9] Section 20.19(6)(g), Fla. Stat.
[10] Section 20.19(6)(h), Fla. Stat.
[11] Section 20.19(6)(i), Fla. Stat.
[12] See, s. 20.19(8), Fla. Stat. (1999), prescribing the composition, responsibilities and duties of health and human services boards.
[13] Op. Att'y Gen. Fla. 93-75 (1993).
[14] Op. Att'y Gen. Fla. 93-27 (1993).
[15] 394 So.2d at 112.