Ms. Jeri A. Blair Wildwood City Attorney Post Office Box 130 Tavares, Florida 32778
Dear Ms. Blair:
You have asked for my opinion on substantially the following question:
Is a code enforcement special master who contracts with a municipality to perform his or her duties considered an officer for purposes of the constitutional dual officeholding prohibition?
In sum:
A code enforcement special master who contracts with a municipality to perform his or her duties is an officer for purposes of Article II, Section 5(a), Florida Constitution.
Chapter 162, Florida Statutes is the "Local Government Code Enforcement Boards Act."[1] The statutory intent behind the act is expressed in section 162.02, Florida Statutes:
"It is the intent of this part to promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[2]
Counties and municipalities may create local government code enforcement boards by ordinance as provided in Chapter 162, Florida Statutes.[3]
This ordinance may give code enforcement boards or special masters designated by the local governing body "the authority to hold hearings and assess fines against violators of the respective county or municipal codes and ordinances."[4]
Section 162.03(2), Florida Statutes, provides that "[a] special master shall have the same status as an enforcement board under this chapter." The powers of enforcement boards and special masters are set forth in section 162.08, Florida Statutes:
"(1) Adopt rules for the conduct of its hearings. (2) Subpoena alleged violators and witnesses to its hearings. Subpoenas may be served by the sheriff of the county or police department of the municipality. (3) Subpoena evidence to its hearings. (4) Take testimony under oath. (5) Issue orders having the force of law to command whatever steps are necessary to bring a violation into compliance."
Thus, the powers and duties of code enforcement boards and special masters are quasi-judicial in nature. Appeals from a final order of a code enforcement board or from a special master are limited to appellate review of the record rather than a hearing de novo. Such appeals are within the jurisdiction of the circuit court.[5]
The constitutional dual officeholding provision is contained in ArticleII, section 5(a), of the Florida Constitution, and states:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
The constitutional provision contains no definition of the term "officer" nor does it specify whether a particular undertaking constitutes an "office" or an "employment." Employment does not subject the holder of the position to dual officeholding considerations since the courts have determined that employment does not involve the delegation of any of the sovereign power of the state.[6] The Florida Supreme Court has stated that a person in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature and defined by rules prescribed by government and not by contract, consisting of the exercise of important public powers, trusts, or duties, as part of the regular administration of the government is a public officer.[7] Every "office," in the constitutional meaning of the term, implies an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws.[8]
While this office has not previously considered the nature of a code enforcement special master as an officer, this office has issued opinions determining that code enforcement board members are officers for purposes of the dual officeholding prohibition. In Attorney General Opinion 81-61 this office considered the duties and responsibilities of a code enforcement board member under Chapter 162, Florida Statutes,[9] and, based on the powers set forth above, determined that board members are officers for purposes of the Article II, section 5(a), Florida Constitution. The issue was considered again subsequently and Attorney General Opinion 97-37 affirms the earlier determination that code enforcement board members are officers for purposes of the dual officeholding prohibition.[10]
The special master serving the City of Wildwood does have an employment contract with the city to perform code enforcement duties. However, the existence of a contract providing for the remuneration of an officer for performing his or her duties does not necessarily change the nature of that service to an employment. As the Florida Supreme Court stated inState ex rel. Holloway v. Sheats,[11]
"An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes perhaps the most decisive difference between an employment and an office, and between an employe[e] and an officer."
Code enforcement special masters derive their position from Chapter 162, Florida Statutes, and exercise powers and perform duties prescribed by the statutes rather than by an employment contract. These special masters issue orders that have the force of law and may command whatever steps are necessary to bring a violation into compliance. The special master may subpoena violators and witnesses to attend hearings and may subpoena evidence. He or she is empowered to take testimony under oath. Clearly, important public powers are exercised by special masters under Chapter 162 and these form a part of the regular administration of the government. Special masters exercise a portion of the sovereign power in administering the laws of Florida, that is, the provisions of Chapter 162, Florida Statutes.
Based on the duties and responsibilities imposed by Chapter 162, Florida Statutes, and the statutory recognition that a special master has the same status as a code enforcement board, it is my opinion that a code enforcement special master who contracts with a municipality to perform his or her duties is an officer for purposes of Article II, Section5(a), Florida Constitution.
Sincerely,
Richard E. Doran Attorney General
RED/tgh
[1] See, s. 162.01, Fla. Stat.
[2] Section 162.02, Fla. Stat.
[3] Section 162.03(1), Fla. Stat.
[4] Section 162.03(2), Fla. Stat.
[5] See, s. 162.11, Fla. Stat.
[6] See, State ex rel. Holloway v. Sheats, 83 So. 508 (Fla. 1919) ("An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office, and between an employe[e] and an officer."). And see, Ops. Att'y Gen. Fla. 96-91 (1996) and 84-93 (1984) (legal counsel to local government code enforcement board an employee.)
[7] State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[8] Id.
[9] The statutory language referred to was contained in section 166.08, Fla. Stat. (1981), at the time the opinion was rendered. The statute was subsequently renumbered and the relevant language is now contained in section 162.08, Florida Statutes. See, s. 7, Ch. 82-37, Laws of Florida.
[10] Cf., Op. Att'y Gen. Fla. 96-91 (1996) (special master of a value adjustment board is an officer for purposes of Article II, section 5(a), Fla. Const.), and Inf. Op. to Ms. Susan Bingham, dated April 12, 1999, (simultaneous service as traffic court hearing officer and municipal administrative hearing master would violate dual officeholding prohibition).
[11] 83 So. 508 (Fla. 1919).