Dear Commissioner Whatmough:
You have requested my opinion on substantially the following question:
Is it a violation of Article II, section 5(a), Florida Constitution, the dual officeholding prohibition, for a person to simultaneously hold the position of city commissioner and member of the Commission for the Transportation Disadvantaged?
According to the information you have provided, you currently serve as a Commissioner for the Town of Longboat Key. You ask whether your simultaneous service as a member of the Commission for the Transportation Disadvantaged would violate the provisions of Article II, section 5(a), of the Florida Constitution, the dual officeholding prohibition.
Article II, section 5(a), Florida Constitution, provides in pertinent part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein. . . ." This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties and municipalities.[1] It is not necessary that the two offices be within the same governmental unit. Thus, for example, a municipal officer is precluded from holding not only another municipal office but also a state or county office. This office has previously opined that a city council member is a municipal officer.[2] Thus, your question is whether a member of the Commission for the Transportation Disadvantaged is an officer for purposes of the constitutional prohibition.
Chapter 427, Florida Statutes, provides for special transportation and communications services for certain Florida citizens. Part I of this chapter relates to services provided to the "[t]ransportation disadvantaged," that is,
 "those persons who because of physical or mental disability, income status, or age are unable to transport themselves or to purchase transportation and are, therefore, dependent upon others to obtain access to health care, employment, education, shopping, social activities, or other life-sustaining activities, or children who are handicapped or high-risk or at-risk [.]"[3]
Part I, Chapter 427, Florida Statutes, creates the Florida Commission for the Transportation Disadvantaged to coordinate the cost-effective provision of transportation by qualified community transportation coordinators or transportation operators to those citizens who may take advantage of this service.[4]
Pursuant to section 427.013, Florida Statutes, the commission has the power to:
 "(3) Develop policies and procedures for the coordination of local government, federal, and state funding for the transportation disadvantaged.
 * * *
 (6) Assist communities in developing transportation systems designed to serve the transportation disadvantaged.
 * * *
 (9) Develop by rule standards for community transportation coordinators and any transportation operator or coordination contractor from whom service is purchased or arranged by the community transportation coordinator covering coordination, operation, safety, insurance, eligibility for service, costs, and utilization of transportation disadvantaged services. These standards and rules must include, but are not limited to:
 (a) Inclusion, by rule, of acceptable ranges of trip costs for the various modes and types of transportation services provided.
 (b) Minimum performance standards for the delivery of services. These standards must be included in coordinator contracts and transportation operator contracts with clear penalties for repeated or continuing violations.
 (c) Minimum liability insurance requirements for all transportation services purchased, provided, or coordinated for the transportation disadvantaged through the community transportation coordinator.
 * * *
 (12) Have the authority to apply for and accept funds, grants, gifts, and services from the Federal Government, state government, local governments, or private funding sources. Applications by the commission for local government funds shall be coordinated through the appropriate coordinating board. Funds acquired or accepted under this subsection shall be administered by the commission and shall be used to carry out the commission's responsibilities.
 * * *
 (16) Review and approve memorandums of agreement for the provision of coordinated transportation services.
 (17) Review, monitor, and coordinate all transportation disadvantaged local government, state, and federal fund requests and plans for conformance with commission policy, without delaying the application process. Such funds shall be available only to those entities participating in an approved coordinated transportation system or entities which have received a commission-approved waiver to obtain all or part of their transportation through another means. This process shall identify procedures for coordinating with the state's intergovernmental coordination and review procedures and s. 216.212(1) and any other appropriate grant review process."
It is the nature of the powers and duties of a particular position that determines whether it is an "office."[5] This office considered a similar factual situation in Attorney General Opinion 76-241 and concluded that membership on the Florida Human Relations Commission was an office rather than membership on a statutory body possessing only advisory powers. The opinion considered the powers of the commission, which included, among other things, the right to accept both public and private money to finance activities; to recommend measures to eliminate discrimination; to receive, initiate, investigate, hold hearings on, and pass upon complaints alleging discrimination; and to adopt rules to effectuate the purposes of the act.
Likewise, in Attorney General Opinion 91-79 this office concluded that the State Board of Community Colleges of the Department of Education was not an advisory board, since the state board was responsible for establishing rules and policies for the operation and maintenance of the state community college system and for adopting guidelines relating to salary and fringe benefits for community college administrators. In addition, the board was responsible for reviewing and administering the state program of support for the community college system and, in this capacity, reviewed and approved all budgets and recommended budget amendments within the system.
Based on the statutory powers of the Commission for the Transportation Disadvantaged, particularly the authority to develop policy for state and local governmental units; to set standards for the coordination, operation, costs and utilization of transportation disadvantaged services; to monitor and coordinate local, state, and federal transportation disadvantaged funding, and to apply for and accept such funding, members of the commission would appear to be state officers for purposes of Article II, section 5(a), Florida Constitution.
Therefore, it is my opinion that the members of the Commission for the Transportation Disadvantaged are officers for purposes of Article II, section 5(a), Florida Constitution, and cannot simultaneously hold that office and any other office under the municipal, county and state governments.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Earlier State Constitutions contain similar prohibitions against dual officeholding. See, e.g., Art. VI, s. 18, Fla. Const. 1838, and Art. VI, s. 14, Fla. Const. 1861. Article II, section 5(a), of the 1968 Constitution substantially reproduces Article XVI, section 15 of the 1885 Constitution except that the current provision was expanded to include municipal officers. Court decisions under the 1885 Constitution had excluded such officers from its coverage.
[2] See Op. Att'y Gen. Fla. 72-348 (1972).
[3] Section 427.011(1), Fla. Stat.
[4] Section 427.013, Fla. Stat.
[5] See, e.g., State ex rel. Holloway v. Sheats, 83 So. 508,509 (Fla. 1919). And see State ex rel. Clyatt v. Hocker,22 So. 721 (Fla. 1897).