Mr. Charles E. Blazek City Clerk of Hialeah Gardens 10001 Northwest 87th Avenue Hialeah Gardens, Florida 33016
Dear Mr. Blazek:
You ask substantially the following question:
May you, as City Clerk for the City of Hialeah Gardens, simultaneously serve as a state representative without violating the dual office holding prohibition contained in Article II, section 5(a), Florida Constitution?
In sum:
Since the city clerk serves as the city's supervisor of elections and is responsible for all elections within the city and since the Hialeah Gardens City Code refers to the position of city clerk as an appointed office, the dual office holding prohibition against an officer simultaneously serving in more than one state, county, or municipal officer would appear to be applicable.
Article II, section 5(a), of the Florida Constitution, provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers.
This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties, and municipalities. The prohibition applies to both elected and appointed offices.[1]
The Constitution does not define the terms "office" or "officer" for purposes of the dual office holding prohibition. The Supreme Court of Florida, however, has stated:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . .[2]
However, the constitutional prohibition against dual office holding does not generally apply to those persons who are not vested with official powers in their own right but rather merely exercise certain powers as agents of governmental officers. Thus, this office, in determining whether a deputy clerk was an officer or employee, considered the nature of the duties performed by that position. Finding that the deputy clerk performed largely the ministerial duties of an assistant to the clerk rather than the substitute duties of a true deputy, this office concluded in Attorney General Opinion 88-56 that the position of deputy clerk under those circumstances constituted an employment rather than an office.
It is, therefore, the nature of the powers and duties of a particular position which determines whether it is an "office" or an "employment." In making such a determination, this office has examined the particular language used in the statute, charter, or ordinance creating the position and establishing its powers.
Clearly, the position of state legislator constitutes an "office" for purposes of Article II, section 5(a), Florida Constitution. Whether the position of city clerk constitutes an "office" or "employment" is not as clear and requires an examination of the particular duties and responsibilities of that position. You have supplied this office with a copy of the Hialeah Gardens City Code. According to section 31.13 of the city code, the city clerk is appointed by and may be removed by the mayor. The clerk is responsible for keeping the minutes of all city council meetings and for maintaining all permanent and official records and archives of the city.
In addition to his or her other duties, the clerk serves as the city's supervisor of elections and is responsible for the preparation of the ballot and the conduct of all elections within the city.[3] Article III, section 7A., of the Hialeah Gardens City Charter provides:
Every municipal election shall be conducted by and be under the personal supervision of the City Clerk, who is hereby empowered and directed to exercise all of the powers and to perform all of the duties and functions appropriate to the conduct of such election, including the establishment, promulgation, and enforcement of such rules and regulations relating to such election and the establishment, maintenance, filing, and preservation of such election records as the City Clerk may deem necessary, or which may be required by City, County, or State Law.
The city code in describing the duties of the city clerk refers to the position as an "office."[4]
The clerk, charged with the responsibility for serving as supervisor of elections for all elections within the city, is a person vested with official powers in his or her own right and is not merely exercising power as an agent of other officers. In light of the above, it appears that the position of city clerk would constitute an office rather than an employment.
Accordingly, I am of the opinion that since the city clerk serves as the city's supervisor of elections and is responsible for all elections within the city and since the Hialeah Gardens City Code refers to the position of city clerk as an appointed office, the dual office holding prohibition against an officer simultaneously serving in more than one state, county, or municipal office would appear to be applicable. Therefore, you, as city clerk, would be precluded from simultaneously serving as a state legislator.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969), 80-97 (1980), and 94-66 (1994).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] See, s. 31.13, Hialeah Gardens City Code.
[4] See, s. 31.13(B) of the city code stating that the city clerk, "on termination of his office," shall be required to make a final accounting to the city council which, if all is in order, shall approve the accounting, "thus allowing the person next assuming the office to be in a position of being fully aware of the obligations which that person shall assume"; and s. 31.13(C) providing for vacancies in the "office of City Clerk."