The Honorable Bruce T. Grady Mayor of Fort Myers 2200 Second Street Fort Myers, Florida 33902
Dear Mayor Grady:
You ask substantially the following question:
May the mayor appoint a convicted felon who does not have his civil rights restored to serve on the board of directors of a municipal housing authority?
In sum:
A convicted felon who has not had his civil rights restored is not eligible to be appointed to serve on the board of directors of a municipal housing authority.
As mayor, you are responsible for appointing the directors of the Fort Myers Housing Authority. You ask whether you may appoint a convicted felon who has not had his civil rights restored to serve as a member of the board of directors of the municipal housing authority.
Article VI, section 4(a), Florida Constitution, provides that "[n]o person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability." The above constitutional provision applies to all persons convicted of a felony without regard to the person's age or when the conviction occurred.[1] In Attorney General Opinion 78-45, this office stated that a felony conviction of a person under 18 years of age disqualified such person from voting or holding public office upon reaching the age of majority unless his civil rights were restored.
While the Constitution does not define the term "public office," the Supreme Court of Florida has stated:
"The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . ."[2]
Section 421.04, Florida Statutes, provides for the creation in each city of a public body corporate and politic to be known as the "Housing Authority" of the city, provided that the authority shall not transact any business or exercise its powers until the governing body of the city declares a need for such authority to function. When the governing body of a city adopts such a resolution, the mayor is charged with the responsibility of appointing, with the approval of the governing body, not fewer than five persons nor more than seven persons as commissioners of the housing authority.[3]
A review of Chapter 421, Florida Statutes, clearly indicates that the Legislature considers the position of commissioner of a municipal housing authority to be a public office. Section 421.05, Florida Statutes, which addresses the appointment, qualifications and tenure of the housing authority commissioners, refers to the commissioners appointed for "a term of office."[4] In addition, each commissioner "shall hold office until his successor has been appointed and qualified." Section 421.05(2), Florida Statutes, provides that the powers of each housing authority "shall be vested in the commissioners thereof in office from time to time." As the governing body of the housing authority, the commissioners are authorized to carry out the powers of the housing authority which include the power to sue and be sued, to enter into contracts, to invest funds, to acquire property by eminent domain, and to issue debentures.[5]
Thus, the position of commissioner of the housing authority, a public body, would appear to be a public office within the contemplation of Article VI, section 4(a), Florida Constitution.
Accordingly, I am of the opinion that the foregoing constitutional provision precludes the appointment of a convicted felon to serve on the board of directors of a municipal housing authority if that convicted felon has not had his rights of citizenship restored.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Cf., In re Advisory Opinion of the Governor Civil Rights,306 So.2d 520 (Fla. 1975) (conviction of a felony removes many civil rights of a person); s. 944.293, Fla. Stat., delineating the procedure to be followed with regard to an application for restoration of civil rights by persons convicted of a felony. Andsee, Art. IV, s. 8(a), Fla. Const., stating:
"Except in cases of treason and in cases where impeachment results in conviction, the governor may, by executive order filed with the secretary of state, suspend collection of fines and forfeitures, grant reprieves not exceeding sixty days and, with the approval ofthree members of the cabinet, grant full or conditional pardons,restore civil rights. . . ." (e.s.)
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] Section 421.05(1), Fla. Stat.
[4] Id. Cf., Op. Att'y Gen. Fla. 85-20 (1985).
[5] See generally, ss. 421.08, 421.12, and 421.14, Fla. Stat.