Mr. Robert A. Sugarman 2801 Ponce De Leon Boulevard Suite 750 Coral Gables, Florida 33134
Dear Mr. Sugarman:
On behalf of the Board of Trustees of the City of Naples Police Officers' Pension and Retirement System, you have requested my opinion on substantially the following question:
May a police officer who is elected by his peers to serve as an exofficio member of the board of trustees of the city's police pension plan created pursuant to Chapter 185, Florida Statutes, continue to serve as an ex officio member of the board after being appointed police chief?
In sum:
A police officer who was elected by his peers to serve as an exofficio member of the board of trustees of the city's police pension plan created pursuant to Chapter 185, Florida Statutes, may continue to serve as an ex officio member of the board after being appointed to the position of police chief.
According to your letter, the City of Naples Police Officers' Pension and Retirement System is a local pension plan governed by Chapter 185, Florida Statutes, and the Naples City Code. As required by section 185.05, Florida Statutes, the Retirement System is governed and administered by a board of five trustees, two of whom must be actively employed police officers elected by their fellow actively employed police officers.
One of the two elected trustees for the pension board was recently appointed to the position of police chief. The board of trustees is concerned whether this member can continue to serve as a Retirement System elected trustee while acting as police chief. You have expressed no doubt that the Police Chief of the City of Naples is a public officer for purposes of the dual officeholding prohibition contained in the Florida Constitution.[1] Your question relates to the characterization of the employee-elected member of the board of trustees as a public officer.
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously serving in more than one state, county, or municipal office. The prohibition applies to both elected and appointed offices.[2] The term "office" is not defined by the Constitution, although the Supreme Court of Florida has determined that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. . . ."[3] The term embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. In contrast, an "employment" does not "comprehend a delegation of any part of the sovereign authority."[4]
This office has previously determined that membership on a board of trustees empowered to administer a pension fund constitutes an "office" for purposes of Article II, section 5(a), Florida Constitution.[5] Thus, a member of the board of trustees of the city's police pension plan is an officer for purposes of the dual officeholding prohibition.
Pursuant to section 185.05, Florida Statutes, a municipal police officers' retirement trust fund may be created as a chapter plan or as a local law plan and shall be administered by a board of trustees selected as provided in that section:
"The membership of the board of trustees for chapter plans [and for local law plans for police officers only] shall consist of five members, two of whom, unless otherwise prohibited by law, shall be legal residents of the municipality, who shall be appointed by the legislative body of the municipality, and two ofwhom shall be police officers as defined in s. 185.02 who shall beelected by a majority of the active police officers who aremembers of such plan. . . ."[6] (e.s.)
Thus, the statute specifically requires that two police officers serve on the board of trustees.
The definition of a "[p]olice officer" for purposes of this chapter is:
"[A]ny person who is elected, appointed, or employed full time by any municipality, who is certified or required to be certified as a law enforcement officer in compliance with s. 943.1395, who is vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisoryand command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers, but does not include part-time law enforcement officers or auxiliary law enforcement officers. . . ."[7] (e.s.)
It is my opinion that the ex officio exception to the constitutional prohibition would apply to a police officer serving as an elected member of the municipal police pension board including, in this instance, the police chief.
The ex officio exception exists when the enabling legislation authorizing the creation of the board in question designates a public officer to serve as a member of the board and thereby imposes additional or ex officio duties upon that officer.[8]
The courts have held that the Legislature may constitutionally impose additional or ex officio duties and responsibilities upon a public officer. Such legislative designation of public officers to perform ex officio the functions of another or second office does not violate the constitutional dual officeholding prohibition.[9]
Generally, when the Legislature intends to place additional or exofficio duties upon an officeholder, that officer is mentioned or designated as serving on the governing body of the newly created governmental entity.[10]
Section 185.05, Florida Statutes, requires that two police officers serve as members of the board of trustees. A "police officer" is defined for purposes of Chapter 185, Florida Statutes, to include command and supervisory personnel who are certified law enforcement officers.[11] Thus a chief of police who is a certified law enforcement officer is a "police officer" as defined in section 185.02 and would come within the scope of the exofficio exception to the dual officeholding prohibition if he or she is chosen to serve on the board of trustees for a municipal police pension plan created pursuant to Chapter 185, Florida Statutes.
It is therefore my opinion that a police officer who was elected by his peers to serve as an ex officio member of the board of trustees of the city's police pension plan created pursuant to Chapter 185, Florida Statutes, may continue to serve as an exofficio member of the board after being appointed to the position of police chief.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, e.g., Ops. Att'y Gen. Fla. 69-2 (1969) and 72-348 (1972) (chief of police is officer for purposes of dual officeholding prohibition.)
[2] See, e.g., Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[3] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[4] Id.
[5] See, Op. Att'y Gen. Fla. 96-24 (1996) (dual officeholding prohibition does not prohibit a member of the town's board of trustees of the police pension fund from simultaneously serving as assistant city attorney in another municipality); Ops. Att'y Gen. Fla. 94-98 (1994), 90-45 (1990), and 86-106 (1986).
[6] Section 185.05(1)(a), Fla. Stat.
[7] Section 185.02(11), Fla. Stat.
[8] See, e.g., s. 30.15(1)(i), Fla. Stat. (sheriff ex officio
timber agent); s. 39.001(7)(b)1., Fla. Stat. (representatives of Department of Law Enforcement and Department of Education exofficio members of task force); s. 153.60, Fla. Stat. (county commissioners ex officio governing body of water and sewer district); and s. 161.25, Fla. Stat. (county commissioners exofficio beach and shore preservation authority).
[9] See, Bath Club, Inc. v. Dade County, 394 So.2d 110, 112
(Fla. 1981); State v. Florida State Turnpike Authority,80 So.2d 337 (Fla. 1955); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939); Amos v. Mathews, 126 So. 308 (Fla. 1930).
[10] Accord, Ops. Att'y Gen. Fla. 81-61 (1981) (concluding that members of the city council could not serve on a code enforcement board). Cf., Op. Att'y Gen. Fla. 80-12 (1980) and the discussion contained therein regarding s. 334.215, Fla. Stat.
[11] See, s. 185.02(11), Fla. Stat.