Mr. Alejandro Vilarello Miami City Attorney 444 Southwest 2nd Avenue Suite 945 Miami, Florida 33130-1910
Dear Mr. Vilarello:
You have asked for my opinion on substantially the following question:
May a public officer serve simultaneously as a member of the Board of the Public Health Trust of Miami-Dade County without violating Article II, section 5(a), Florida Constitution?
Section 5(a), Article II, Florida Constitution, provides:
"No person shall hold at the same time more than one office under the government of the state . . . except that . . . any officer may be a member of a . . .statutory body having only advisory powers."
While the term "office" has not been defined for purposes of the Constitution, the Florida Supreme Court has stated:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. . . . The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract.[1]
The Public Health Trust of Miami-Dade County (the Trust) was created in 1973 pursuant to Part II, Chapter 154, Florida Statutes.[2] The legislative purpose for creation of public health trusts is expressed in section 154.07, Florida Statutes:
"There may be created in and for each county of the state a public body corporate and politic, to be known as the "public health trust" of such county, for the purpose of exercising the powers described herein with respect to "designated facilities" as that term is hereinafter defined. No trust created hereunder shall transact any business or exercise any powers until the governing body of the county of such trust shall, by proper resolution, declare that there is a need for such trust to function and shall appoint the members thereof."
Legislative history for adoption of the public health trust legislation reveals that the purpose of this part is to respond to concerns expressed by county governing bodies regarding their inability to effectively manage the operations of hospitals and other health facilities. The legislation, Chapter 73-102, Laws of Florida, was meant to provide an administrative structure for the full-time management of health facilities by professional boards, thus alleviating non-health professionals from activities to which they could not devote sufficient attention.[3]
Each public health trust is authorized to operate and govern a designated facility.[4] Designated facilities may include, but are not limited to:
"sanatoriums, clinics, ambulatory care centers, primary care centers, hospitals, rehabilitation centers, health training facilities, nursing homes, nurses' residence buildings, infirmaries, outpatient clinics, mental health facilities, residences for the aged, rest homes, health care administration buildings, and parking facilities and areas serving health care facilities."[5]
The governing body of each public health trust is a board of trustees consisting of not less than 7 nor more than 21 members who are appointed by the governing body of the county using criteria determined by the governing body.[6] Members of the board may be removed for cause by the governing body of the county, which also fills any vacancies that may occur.[7]
A review of Part II, Chapter 154, Florida Statutes, which authorizes the creation and establishment of public health trusts, reveals that such entities have not been statutorily vested with independent powers, but rather possess only such powers as the governing body of the county may choose to bestow. Section 154.10, Florida Statutes, provides for the relationship of the county public health trust to the board of county commissioners, and provides that the county governing body shall, by ordinance, by contract or lease with the public health trust, or by a combination of the foregoing, provide for each of the following:
"(1) A method whereby the public health trust shall account to the county governing body for all receipts and expenditures of money.
(2) A method whereby the public health trust shall request, and the county governing body may approve, the appropriation and payment of county funds to support the lawful purposes of the trust.
(3) A method whereby the public health trust shall request, and said county governing body may effectuate, the issuance of bonds or the borrowing of money, pursuant to authority vested in said governing body of the county.
(4) Compliance by the public health trust with policies for countywide health care delivery as established by the countygoverning body.
(7) A procedure whereby the county governing body may approve ordisapprove of contracts between the board of trustees and labor unions.
(8) A method whereby the county governing body may declassify
facilities as "designated facilities" and provide for the county to assume the ownership, operation, governance, or maintenance of such facilities." (e.s.)
Similarly, section 154.11, Florida Statutes, setting forth the powers of the board of trustees of a county public health trust, states that its powers are "subject to limitation by the governing body of the county in which such board is located . . . " (e.s.)[8]
In 1978 Governor Askew requested this office's opinion on whether a member of the Board of Trustees of the Dade County Public Health Trust was an officer for purposes of the dual office-holding prohibition. In Attorney General's Opinion 78-36 my predecessor in office stated:
I am not persuaded that a board of trustees of a county public health trust possesses the independent attributes of sovereignty which are characteristic of an office. Moreover, as was stated in AGO 071-324, it is a generally established principle that the right to hold office is a valuable one which should not be curtailed except by plain provisions of the law.
Likewise, I am of the view that a member of the Board of Trustees of the Miami-Dade County Public Health Trust is not an officer for purposes of Article II, section 5(a), Florida Statutes, based on the limited nature of the powers and duties described in Part II, Chapter 154, Florida Statutes.
You have brought to my attention another opinion of this office, Attorney General's Opinion 84-90, which you believe conflicts with Attorney General Opinion 78-36 upon which the instant discussion relies. Attorney General Opinion 84-90 considers a health facilities authority under Part III, Chapter 154, Florida Statutes. Attorney General Opinion 78-36 is concerned with county public health trusts under Part II, Chapter 154, Florida Statutes. These entities have substantially different powers and duties, and these differences form the basis of the seemingly contrary conclusions of these opinions.[9]
You also bring to my attention several opinions of the Florida Commission on Ethics. Questions relating to the Code of Ethics for Public Officers and Employees, Part III, Chapter 112, Florida Statutes, must be directed to the Ethics Commission. The Code of Ethics deals with matters separate and apart from considerations of office under the dual officeholding prohibition in Article II, section 5(a), Florida Constitution, and must be addressed by the Ethics Commission.[10]
In sum, it is my opinion that a public officer may serve simultaneously as a member of the Board of the Public Health Trust of Miami-Dade County without violating Article II, section5(a), Florida Constitution, as that position does not appear to be an "office" within the scope of the constitutional dual officeholding prohibition.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[2] See, § 25A-1, Ordinance No. 73-69, Miami-Dade County Code, stating that the Trust is created and established by the authority of Chapter 73-102, Laws of Florida. Chapter 73-102, Laws of Fla., is codified as Part II, Chapter 154, Florida Statutes
[3] See, Staff Evaluation of SB 611, Senate Standing Committee on Health and Rehabilitative Services.
[4] Section 154.08(1), Fla. Stat.
[5] Section 154.08(2), Fla. Stat.
[6] Section 154.09(1), Fla. Stat.
[7] Section 154.09(2), Fla. Stat.
[8] Section 154.11(1), Fla. Stat.
[9] Compare, s. 154.11, Florida Statutes, setting forth the powers of the board of trustees of public health trusts and making those powers "subject to limitation by the governing body of the county", with s. 154.209, Florida Statutes, detailing those powers given directly to health facilities authorities.
[10] See, s. 112.322(3)(a), Fla. Stat., providing that a public officer, candidate for public office, or public employee, when in doubt about the applicability and interpretation of Part III, Chapter 112, Fla. Stat., or s. 8, Art. II, Fla. Const., may request an advisory opinion to establish his or her standard of public duty; and s. 112.322(3)(b), Fla. Stat., making these opinions binding on the conduct of the requesting party.