Mr. Lonnie N. Groot Palm Coast City Attorney Post Office Box 4848 Sanford, Florida 32772-4848
Dear Mr. Groot:
You have asked for my opinion on substantially the following question:
Is a member of a municipal firefighter pension board created under the provisions of Chapter 175, Florida Statutes, an officer for purposes of the dual office-holding prohibition in Article II, section 5(a), Florida Constitution?
The City of Palm Coast is currently considering appointing a county commissioner as a member of the City of Palm Coast's Firefighter Pension Board. You recognize that the governing body of a unit of government such as a municipality or county has been delegated a portion of the sovereign power. Clearly, membership on the county commission constitutes an office.[1] In order to avoid a potential dual office-holding problem, you ask whether board members on municipal firefighter pension boards established under Chapter 175, Florida Statutes, are officers for purposes of Article II, section 5(a), Florida Constitution.
Article II, section 5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously serving in more than one state, county or municipal office. The prohibition applies to both elected and appointed offices.[2] There is no definition of the term "office" in the Constitution, although the Supreme Court of Florida has stated that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office . . . ."[3] Within the scope of the term are the concepts of tenure, duration and duties in exercising some portion of the sovereign power, conferred or defined by law rather than by contract. By contrast, an "employment" does not "comprehend a delegation of any part of the sovereign power."[4]
Chapter 175, Florida Statutes, provides for the establishment of pension trust funds for firefighters in each municipality of the state.[5]
Under this statutory scheme, each municipality has a board of trustees of the firefighters' pension trust fund "which shall be solely responsible for administering the trust fund."[6] The board of trustees of the pension fund is made up of five members: two members who are appointed by the governing board of the municipality, two who are elected by a majority of the active firefighters who are members of the plan and a fifth who is chosen by the previously selected members.[7] The term of office for all members is two years.[8]
The trust funds administered by the board members consist in part of moneys derived from municipal excise, license or other similar taxes levied upon fire insurance companies and other contributions made by the municipalities.[9] Pursuant to section 175.071, Florida Statutes, a board of trustees under this chapter has the power to invest and reinvest the assets of the firefighter pension trust fund; issue drafts on the trust fund; and convert any securities of the fund into cash.[10] A complete record of the receipts and disbursements of the trust fund shall be kept.[11] The statute requires at least once every three years that the board retain a "professionally qualified independent consultant" to evaluate the performance of the fund's existing money manager and make recommendations to the board regarding the selection of a money manager for the next investment term.[12]
The act states that actions of the board on claims for retirement are final provided that the rules and regulations of the board have been followed.[13] The statute makes it clear that
"[t]he sole and exclusive administration of, and the responsibilities for, the proper operation of the firefighters' pension trust fund and for making effective the provisions of this chapter are vested in the board of trustees[.]"[14]
The administration of public funds and the accomplishment of the responsibilities delegated under Chapter 175, Florida Statutes, represent the exercise of the sovereign powers of the state, and would, therefore, denote an "office" rather than an employment. In recognition of these duties and responsibilities, this office has previously concluded that membership on the board of trustees of a municipal pension trust fund for firefighters created pursuant to Chapter 175, Florida Statutes, constitutes an "office" for purposes of Article II, section 5(a), Florida Constitution.[15]
Thus, it is my opinion that a member of the City of Palm Coast Firefighter Pension Board created under the provisions of Chapter 175, Florida Statutes, is an officer for purposes of the dual office-holding prohibition in Article II, section 5(a), Florida Constitution.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See, Ops. Att'y Gen. Fla. 72-348 (1972), 74-73 (1974), and 94-98 (1994).
[2] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[3] Id.
[4] See, Ops. Att'y Gen. Fla. 96-24 (1996), 80-97 (1980) and 69-2 (1969).
[5] Section 175.041(1), Fla. Stat.
[6] Section 175.061(1), Fla. Stat.
[7] Section 175.061(1)(a), Fla. Stat.
[8] Id.
[9] Section 175.091(1)(a), Fla. Stat.
[10] Section 175.071(1)(a), (b), (c), and (d), Fla. Stat.
[11] Section 175.071(1)(e), Fla. Stat.
[12] Section 175.071(6)(a), Fla. Stat.
[13] Section 175.071(3), Fla. Stat.
[14] Section 175.071(5), Fla. Stat.
[15] See, Ops. Att'y Gen. Fla. 94-98 (1994), 90-45 (1990), and 86-106 (1986). Cf., Ops. Att'y Gen. Fla. 78-03 (1978) (board of trustees of city's pension fund for policemen and firemen is municipal board and agency; its officers and employees are also officers and employees of the municipality); and 74-217 (1974).