Dear Ms. Gowdy:
You have asked for my opinion on substantially the following question:
Does simultaneous service on the Melbourne Beach Planning and Zoning Board and the Board of Adjustment violate the dual officeholding prohibition in Article II, section 5(a), Florida Constitution?
According to your letter, you have been appointed to serve on two boards for the Town of Melbourne Beach: the Planning and Zoning Board and the Board of Adjustment. Recent discussions have raised questions about whether your service on these two boards may be contrary to the constitutional dual officeholding prohibition.
Article II, section 5(a), Florida Constitution, states that:
"No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
The terms "office" and "officer" are not defined for purposes of this constitutional provision. Opinions of the Florida Supreme Court and the Attorney General's Office, however, have focused on the nature of the powers and duties of a particular position to determine whether it is an "office" or an "employment" that would fall outside the scope of the prohibition. As the Florida Supreme Court has stated:
"The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes perhaps the most decisive difference between an employment and an office . . ."[1]
Planning and Zoning Board
Article II, section 5(a), Florida Constitution, contains exceptions to the dual officeholding prohibition. Service on statutory bodies having only advisory powers is among these exceptions and has been the subject of a number of Attorney General Opinions.
In Attorney General Opinions 89-25 and 90-33, this office found that local planning and zoning commissions possessing the power to grant variances that are approved without review or that are final unless appealed to the county commission did not fall within the exception for advisory bodies. As those opinions point out, only those statutory bodies possessing advisory powers are excepted; Article II, section 5(a), Florida Constitution, does not provide for or recognize an exception for statutory bodies whose powers are substantially or predominately advisory.[2]
Similarly, in Attorney General Opinion 05-59, it was noted that "town committees that are given the authority to make factual determinations, review permit applications, issue permits, grant variances, or impose fines, exercise sovereign powers [are] offices for purposes of the dual officeholding prohibition." However, where a committee or board merely makes non-binding recommendations and has not otherwise been delegated any powers to make factual determinations or exercise any portion of the municipality's sovereign power, there would not appear to be an office subject to the constitutional prohibition against dual officeholding.
The Planning and Zoning Board for the Town of Melbourne Beach is a five-member body established by the Town Commission. The board members are appointed by the Town Commission and serve a term of office.[3] Section 7A-136 of the Melbourne Beach Code sets forth the powers and duties of the board, among which are the following:
"(b) The Planning and Zoning Board shall study the resources, possibilities and needs of the town, and prepare plans and maps for the systematic future development and betterment of the town and from time to time make such recommended changes as are deemed advisable.
(c) No permit for building or building expansion shall be issued on any commercial structure until a site plan has been reviewed by the Planning and Zoning Board for compliance with the Land Development Code.
* * *
(f) The Planning and Zoning Board at public hearings is expected to advise the Town Commission in the following areas:
(1) On all matters relating to proposed changes in this Land Development Code.
(2) To prepare written recommendations for the Town Commission on all site plans for all residential and commercial construction in the town.
(3) To review stringent adherence to height, setback, and related regulations. . . ."
Based solely on these provisions, it would appear that the Planning and Zoning Board functions primarily as an advisory body, making recommendations to the Town Commission for its final approval. However, section 7A-136(g), of the Code provides that the Planning and Zoning Board also functions as the local planning agency pursuant to section 163.3161, Florida Statutes.
Section 163.3164, Florida Statutes, states that the "[l]ocal planning agency" is "the agency designated to prepare the comprehensive plan or plan amendments required by [the Local Government Comprehensive Planning and Land Development Regulation Act]." Pursuant to the act, "adopted comprehensive plans shall have the legal status set out in this act and . . . no public or private development shall be permitted except in conformity with comprehensive plans, or elements or portions thereof, prepared and adopted in conformity with this act."[4]
As set forth in section 163.3174(4), Florida Statutes:
"The local planning agency shall have the general responsibility for the conduct of the comprehensive planning program. Specifically, the local planning agency shall:
(a) Be the agency responsible for the preparation of the comprehensive plan or plan amendment and shall make recommendations to the governing body regarding the adoption or amendment of such plan.
During the preparation of the plan or plan amendment and prior to any recommendation to the governing body, the local planning agency shall hold at least one public hearing, with public notice, on the proposed plan or plan amendment. The governing body in cooperation with the local planning agency may designate any agency, committee, department, or person to prepare the comprehensive plan or plan amendment, but final recommendation of the adoption of such plan or plan amendment to the governing body shall be the responsibility of the local planning agency.
(b) Monitor and oversee the effectiveness and status of the comprehensive plan and recommend to the governing body such changes in the comprehensive plan as may from time to time be required, including preparation of the periodic reports required by s. 163.3191.
(c) Review proposed land development regulations, land development codes, or amendments thereto, and make recommendations to the governing body as to the consistency of the proposal with the adopted comprehensive plan, or element or portion thereof, when the local planning agency is serving as the land development regulation commission or the local government requires review by both the local planning agency and the land development regulation commission.
(d) Perform any other functions, duties, and responsibilities assigned to it by the governing body or by general or special law."
Based on the authority exercised by these officers over local land development,[5] it is my opinion that members of the local planning agency exercise the powers of the sovereign and are officers for purposes of the constitutional dual officeholding prohibition.
Board of Adjustment
This office has issued a number of opinions considering whether service on a board of adjustment constitutes an office and has concluded that, based on the powers and duties exercised by such a board, it is an office rather than an employment.[6]
The Board of Adjustment for the Town of Melbourne Beach is appointed by the town commission and serves a term of office.[7] The powers and duties of the board include:
"(b) Administrative Review. The Board of Adjustment shall have the authority to hear and decide appeals where it is alleged there is an error in any order, requirement, decision or determination made by the Building Official or the Zoning Official in the interpretation or enforcement of this Land Development Code."
* * *
(c) Special Exceptions.
(1) Limitations. The Board of Adjustment shall have the authority to hear and decide only such special exceptions as it is specifically authorized to pass on by the terms of this Land Development Code; to decide such questions as are involved in determining whether special exceptions should be granted; and to grant special exceptions with such conditions and safeguards as are appropriate under this chapter or other applicable ordinances; or to deny special exceptions when not in harmony with the purpose and intent of the Land Development Code.
* * *
(3) Conditions and safeguards. In granting any special exception, the Board of Adjustment may prescribe appropriate conditions and safeguards in conformity with this Land Development Code. Violation of such conditions and safeguards, when made a part of the terms under which the special exception is granted, shall be deemed to be a violation of this Land Development Code and punishable as provided by this code. The Board shall prescribe a time limit within which the action for which the special exception is required shall be begun or completed, or both. Failure to begin or complete, or both, such action within the time limit set shall void the special exception.
(d) Variances to the Provisions of Chapter 7A of the Land Development Code.
(1) When granted. A variance from the terms of Chapter 7A may be granted when it will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of these regulations would result in unnecessary and undue hardship; provided specifically, however, that financial or self-imposed reasons shall not be considered as grounds for establishing undue hardship sufficient to qualify an applicant for a variance.
* * *
(7) In granting any variance, the Board of Adjustment may prescribe appropriate conditions and safeguards which will be in conformity with this Land Development Code. Violation of such conditions and safeguards, when made a part of the terms under which the variance is granted, shall be deemed a violation of this Land Development Code and punishable as provided by this Land Development Code. Under no circumstances shall the Board of Adjustment grant a variance to permit a use not generally or by special exception permitted in the district involved, or any use expressly or by implication prohibited by the terms of this Land Development Code in that district."[8]
Based on these provisions, it appears that the Board of Adjustment for the Town of Melbourne Beach is a quasi-judicial board with board members exercising the duties and responsibilities possessed by officers. As was discussed above, several Attorney General Opinions have concluded that bodies exercising the power to grant variances that are approved without review or that are final unless appealed to the county commission are offices for purposes of the constitutional dual officeholding provision. The power to grant variances is among those exercised by the Town of Melbourne Beach Board of Adjustment. Therefore, it is my opinion that a member of the Board of Adjustment for Melbourne Beach is an officer within the scope of Article II, section 5(a), Florida Constitution.
In sum, it is my opinion that members of each the Board of Adjustment for the Town of Melbourne Beach and the Planning and Zoning Board for the town are officers and both offices cannot be held simultaneously without violating the provisions of ArticleII, section 5(a), Florida Constitution, the dual officeholding prohibition.[9]
Sincerely,
Charlie Crist, Attorney General
CC/tgh
[1] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v. Hocker, 22 So. 721
(Fla. 1897).
[2] And see Op. Att'y Gen. Fla. 73-47 (1973) (if a parks, planning and zoning commission was granted more than mere advisory powers, that fact would exclude commission members from the exemption in s. 5(a), Art. II, State Const.). Accord, 69-62 (1969).
[3] Section 7A-135, Town of Melbourne Beach Zoning Code.
[4] Section 163.3161(5), Fla. Stat.
[5] See s. 163.3161(5) and 163.3194(1), Fla. Stat., and Ops. Att'y Gen. Fla. 79-88 (1979) and 80-95 (1980).
[6] See Ops. Att'y Gen. Fla. 85-21 (1985), 84-25 (1984).
[7] See s. 7A-150(a) and (b), Melbourne Beach — Land Development Code.
[8] The code recognizes that the Board of Adjustment may grant variances to provisions of the coastal setback line (s. 7A-152[7][f]); to the town's building, plumbing, mechanical, and gas codes, (s. 7A-152[7][g]) and to the unsafe building abatement code, (s. 7A-152[7][h]).
[9] See In re Advisory Opinion to the Governor, 79 So. 874
(Fla. 1918), in which the Court stated that, when a person holding one office is appointed to and accepts another office, such appointment and acceptance vacates the person's right and status to the first office; and Ops. Att'y Gen. Fla. 94-40 (1994) and 77-63 (1977). Cf., Holley v. Adams, 238 So. 2d 401, 407
(Fla. 1970) ("The acceptance of an incompatible office by one already holding office operates as a resignation of the first.").